David M. Arbogast (SBN 167571)
David@SpiroMoss.com
Ira Spiro (SBN 67641)
Ira@SpiroMoss.com
**SPIRO MOSS BARNESS LLP**
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468; Fax: (310) 235-2456

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
deblase@kbla.com
Michael C. Eyerly, Esq. (SBN 178693)
eyerly@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Phone: (310) 854-4444
Fax: (310) 854-0812

Jonathan Shub (SBN 237708)
jshub@seegerweiss.com
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Phone: (215) 564-2300; Fax (215) 851-8029

Jeffrey K. Berns, Esq. (SBN 131351)
jberns@jeffbernslaw.com
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

Attorneys for Plaintiffs and all others Similarly Situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO PLASCENCIA, and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENDING 1st MORTGAGE and LENDING 1st MORTGAGE, LLC, and DOES 1 through 10 inclusive,<br><br>Defendants. | **CASE NO. C-07-4485 CW**<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' OBJECTIONS TO, AND NOTICE OF INTENTION TO STRIKE PORTIONS OF THE DECLARATION OF CHRIS LOMBARDI FILED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date: April 3, 2008<br>Time:         2:00 p.m.<br>Place:        Courtroom 2<br>Judge:       Hon. Claudia Wilken<br><br>Complaint Filed: August 29, 2007<br>Trial Date: Not set yet. |

PLEASE TAKE NOTICE that, at the time of but immediately preceding the hearing on Defendant's motion to dismiss, Plaintiffs will move the Court for an order sustaining each and all of these objections and striking the objectionable portions of the Declaration of Chris Lombardi ("Lombardi Declaration") from the record.

## I. PLAINTIFFS' OBJECTIONS TO THE LOMBARDI DECLARATION

### Objection No. 1

The second sentence of Paragraph 11 of the Lombardi Declaration (2:21-23), and Exhibit A to which it refers, on the grounds that the matter set forth therein (a) is false; and (b) this statement, and the document it refers to is irrelevant in that the document was not in existence at the time Plaintiffs entered into the loan contract at issue with Defendant.

In particular, at the bottom of the last page of Exhibit A to the Lombardi declaration states: "Revised: 2006  Reprinted December 2006."   Plaintiffs' loan contract was entered into on "*May 16, 2006*," seven months *before* the document was even in existence and therefore could not have possibly been "mailed to the Placentias by Lending 1st Mortgage, LLC when notified that the Placentias were interested in the loan."   See SAC, Ex. 1, 00001.

Moreover, the Federal Reserve's handbook that was available, and in effect, on the date that Defendant entered into the loan contract with Plaintiffs, does not contain the Option Arm loan language that Defendant cites to in its opposition and therefore is completely irrelevant for the purpose for which Defendant has attempted to proffer this evidence.  See Arbogast Decl., Ex. 3.

### Objection No. 2

The entirety of Paragraph 12 of the Lombardi Declaration (2:25-26) on the grounds that the matter set forth therein (a) constitutes inadmissible argument; (b) constitutes an unsupported and therefore inadmissible opinion or conclusion of the declarant; (c) is irrelevant; and (d) contradicts the document attached as Ex. B.

Paragraph 12 asserts that Exhibit B, a document that was purportedly signed and dated by Plaintiffs on May 20, 2006, was "mailed to the Placentias by LENDING 1st MORTGAGE, LLC regarding their loans *in response to the allegations contained in their Second Amended Complaint."*

1  Lombardi Decl., ¶ 12, 2:24-26.

2  Plaintiffs Second Amended Complaint was filed on January 24, 2008 and therefore a belated
attempted disclosure sent to Plaintiffs *nearly two years after the loan was entered into* is completely
irrelevant to the issue of whether Defendant, clearly and conspicuously disclosed all important material
terms of the loan as required under TILA, *on or before the date that the loan contract was entered into*.

Moreover, Exhibit B only further confirms Defendant's failure disclose that its ARM loans
were, in fact, absolutely certain to cause negative amortization.

In particular, in the document attached as Exhibit B, under the heading "YOUR MONTHLY
PAYMENT AND HOW IT CAN CHANGE," it states:

> *If your monthly payment is not sufficient* to pay all interest due, any accrued and unpaid interest will be added to the loan principal and will accrue interest at the Note rate. ***This means the balance on your loan could increase***. This feature is called Negative Amortization.

As discussed in detail in Plaintiffs' opposition to Defendant's motion to dismiss, this statement
is irrelevant to the issue of whether Defendant disclosed the true facts, that the ARM loans it sold to
Plaintiffs and the Class members were absolutely guaranteed to cause negative amortization to occur.
See Plts. Op., § III (B), pp. 5-15.

**II.      Plaintiffs Move to Strike Portions of the Declaration of Professor David Lewin**

Federal Rules of Civil Procedure, rule 12(f) provides that a party may move to have stricken
from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous
matter.

As has been set forth above, the Court should strike the inadmissible, inappropriate and
unfounded statements and documents attached to the Declaration of Chris Lombardi. These statements
and documents should be not be admitted into evidence or considered by this Court for purposes of
ruling on Defendant's Motion to Dismiss.

///

///

///

PLAINTIFFS' OBJECTION AND INTENTION TO STRIKE - LOMBARDI DECLARATION- C-07-4485 CW

## **CONCLUSION**

Plaintiffs respectfully request that the Court sustain each and all of their objections to the Lombardi Declaration, and that the Court strike the objectionable portions and exhibits attached thereto.

DATED: March 13, 2008          **SPIRO MOSS BARNESS LLP**

By:  ____/S/____
David M. Arbogast, Esq.
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468
Fax: (310) 235-2456

Jonathan Shub, Esq.
**SEEGER WEISS LLP**
1515 Market Street, Suite 1380
Philadelphia, PA 19107
Phone: (215) 564-2300
Fax (215) 851-8029

Paul R. Kiesel, Esq.
Patrick Deblase, Esq.
Michael C. Eyerly, Esq.
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90210
Phone: (310) 854-4444
Fax: (310) 854-0812

Jeffrey K. Berns, Esq.
**LAW OFFICES OF JEFFREY K. BERNS**
19510 Ventura Blvd, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax:  (818) 867-4820

Attorneys for Plaintiffs and all others Similarly Situated.