1  David M. Arbogast (SBN 167571)
   David@SpiroMoss.com
2  Ira Spiro (SBN 67641)
   Ira@SpiroMoss.com
3  SPIRO MOSS BARNESS LLP
   11377 W. Olympic Boulevard, Fifth Floor
4  Los Angeles, CA 90064-1683
   Phone: (310) 235-2468; Fax: (310) 235-2456
5  *Attorneys for Plaintiffs*

6  J. Thomas Aldrich (SBN 216695)
   taldrich@eakdl.com
7  ERICKSEN, ARBUTHNOT, KILDRUFF,
   DAY & LINDSTROM, INC.
8  100 Howe Avenue, Suite 110 South
   Sacramento, CA 95825-8201
9  *Attorneys for Defendant*

10 [*additional counsel listed on signature page*]

11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14 ARMANDO PLASCENCIA, and MELANIA )    **CASE NO. C-07-4485 CW**
   PLASCENCIA, individually and on behalf of )
15 all others similarly situated,          )    CLASS ACTION
                                           )
16              Plaintiffs,                )    **JOINT RULE 26(F) REPORT**
                                           )
17                                         )
        v.                                 )
18                                         )    Hearing Date: April 3, 2008
                                           )    Time:          2:00 p.m.
19 LENDING 1st MORTGAGE and LENDING )    Place:         Courtroom 2
   1st MORTGAGE, LLC, and DOES 1 through )    Judge:         Hon. Claudia Wilken
20 10 inclusive,                           )
                                           )
21              Defendants.                )    Complaint Filed: August 29, 2007
                                           )    Trial Date: Not set yet.
22                                         )
                                           )
23 _____ )

24

25

26

27

28

JOINT RULE 26(F) REPORT - C-07-4485 CW

1    Following a conference of counsel on March 21, 2008, and again on March 24, 2008, Plaintiffs

2    ARMANDO PLASCENCIA, and MELANIA PLASCENCIA (collectively, "Plaintiffs") and Defendant

3    LENDING 1st MORTGAGE submit this written report pursuant to Fed. R. Civ. P. 26(f) and Local Rule

4    26-1.

5    **I.    INTRODUCTORY STATEMENT**

6    This is a putative state and nationwide class action.  Plaintiffs filed their Second Amended

7    Complaint ("SAC") on January 1, 2008.  The SAC asserts seven (7) causes of action and seeks a variety

8    of legal remedies.  The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., is the basis for Count

9    1 and includes six (6) alleged independent violations of TILA.  Count 2 is predicated on the alleged

10   fraudulent omissions. There are two contract causes of action:  breach of contract (Count 5) and breach

11   of the implied covenant of good faith and fair dealing (Count 6).  The Unfair Competition Law,

12   Business and Professions Code § 17200 et seq., is the basis for Counts 2 and 7 (unlawful business

13   practices), and Count 4 ("unfair" and "fraudulent" business practices).

14   On February 25, 2008, Defendant Filed a Motion to Dismiss or in the Alternative to Transfer the

15   Case to the Central District.  Defendant's motion is primarily directed to Plaintiffs TILA allegations.

16   Defendants believe that the Motion to Dismiss demonstrates that Plaintiffs' TILA claims fail as a matter

17   of law, and thus must be dismissed.  Plaintiffs, on the other hand, believe that this Motion will not result

18   in the dismissal of their claims, but will be denied by the Court.

19   The Motion to Dismiss is currently scheduled for hearing on April 3, 2008 at 2:00 p.m.

20   **II.   FACTUAL SUMMARY OR ANALYSIS OF THE CASE**

21   **A.    PLAINTIFF'S STATEMENT.**

22   Plaintiffs, individually and on behalf of the proposed classes, allege that Defendant failed to

23   disclose important material information in connection with the Option ARM home loan Defendant sold

24   to Plaintiffs and other consumers.  Plaintiffs allege that these Option ARM loans and the documents

25   Defendants used to sell them violate TILA.  Plaintiffs contend that TILA requires all lenders, including

26   Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home

27   loans in a clear and conspicuous manner.  Plaintiffs allege that Defendants failed to clearly and

28   conspicuously disclose, in their loan documents and in the federally required TILA disclosure

1    statements: (i) the actual interest rate Defendants charged Plaintiffs and consumers on their loans; (ii)

2    the payments on the notes at the initial low interest rate absolutely would result in negative amortization

3    and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate

4    provided was discounted and does not reflect the actual interest that Plaintiff, and others, were paying on

5    the loans.  Plaintiffs seek the right of rescission, individually and on behalf of the Class, under TILA, as

6    well as damages.

7            Plaintiffs further allege that Defendants alleged misconduct also violated the "unlawful,"

8    "unfair" and "fraudulent" prongs of the  UCL which is based upon the generally applicable duty of any

9    contracting party to disclose important material facts, and on the duty to refrain from unfair and

10   deceptive business practices.

11           Lastly, Plaintiffs allege that the Defendants breached the express terms of the written contract

12   entered by and between Plaintiffs and Defendants by failing to apply any portion of Plaintiffs' loan

13   payments, which were based on the initial low interest rate, to reduce the principal balance on the loan.

14   Defendants also failed to provide the low interest rate to Plaintiffs' loan in the manner agreed by the

15   Parties.  Plaintiffs seek damages and/or other equitable relief on these causes of action.

16           **B.    DEFENDANT'S STATEMENT.**

17           Defendant, Lending 1st Mortgage, contends that it clearly and conspicuously made all of the

18   necessary disclosures required by the Truth-in-Lending Act.  Defendant further contends that many of

19   the alleged violations alleged by Plaintiffs were not covered by any provisions of the Truth-in-Lending

20   Act.  Additionally, any rescission of the contract should involve the current note holder.  Defendant

21   further contends that venue is improper in the Northern District of California.

22   **III.    REPORT ON FED. R. CIV. P.  26(F) ISSUES.**

23           **A.    INITIAL DISCLOSURES.**

24           The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P.

25   26(a)(1) within the time prescribed in the Rule.

26           **B.    DISCOVERY NEEDED.**

27           The parties are in agreement that discovery should proceed forthwith.  Plaintiffs will be seeking

28   discovery related to identifying the subsequent purchasers and assignees of the ARM loans Defendant

1  sold during the Class Period.  Plaintiffs will also be seeking discovery related to Defendant's loan

2  practices and conduct in connection with the formulation, development, implementation and marketing

3  of the ARM loans at issue.  Defendant will be seeking discovery related to the status of Plaintiffs'

4  current loans, the identities of brokers through whom Plaintiffs obtained their mortgages, Plaintiffs'

5  mortgage history, and Plaintiffs' conduct during and after obtaining the mortgages.  The parties further

6  agree that initial discovery should be directed to class certification issues, but acknowledge the potential

7  for overlap between discovery related to class certification and that related to the merits.

8       **C.**     **COMPLETION OF INITIAL DISCOVERY AND PROPOSED CLASS**

9       **CERTIFICATION BRIEFING SCHEDULE.**

10       **1.**     **Plaintiffs' Position Regarding the Completion of Initial Discovery.**

11       Plaintiffs' position is that initial discovery should close not earlier than 240 days from April 4,

12  2008, which is the date currently set for hearing on the Motion to Dismiss.

13       **2.**     **Defendants' Position Regarding the Completion of Initial Discovery into Class**

14       **Certification Issues.**

15       Defendant agrees to the discovery schedule as to class certification.

16       **3.**     **Class Certification Briefing Schedule.**

17       Plaintiffs intend to file a motion for class certification.  With respect to the briefing of that

18  motion, the parties are in agreement that Plaintiffs shall file their motion, brief in support, class trial plan

19  and all arguments and evidence relied upon by Plaintiffs in support of their request for class certification

20  within 30 days of the close of initial discovery.  Within 30 days after Plaintiffs file their motion for class

21  certification and accompanying submissions, Defendants will file their opposition thereto, together with

22  all arguments and evidence relied upon by Defendants in opposition to Plaintiffs' request for class

23  treatment.  Within 30 days after Defendants file their opposition to Plaintiffs' motion for class

24  certification, Plaintiffs will file their reply thereto responding to the arguments and evidence advanced

25  by Defendants in their class certification opposition submissions.

26       Defendants request 45 days from the date Plaintiffs files the motion for class certification to file

27  their opposition.

28

JOINT RULE 26(F) REPORT - C-07-4485 CW

**D.     DISCOVERY OF ELECTRONICALLY STORED INFORMATION.**

The parties have agreed to meet and confer on a protocol that will govern the production of Electronically Stored Information in accordance with the Federal Rules of Civil Procedure. The parties intend to submit such a protocol in the form of a case management order.

**E.     PRIVILEGE OR WORK PRODUCT ISSUES.**

At present, the parties are not aware of any issues relating to claims of privilege or work product. Nevertheless, Plaintiffs have provided Defendant with a draft Stipulated Protective Order which is based on the Protective Order that is available on the Court's website. To the extent such issues arise in the future, the parties will confer to address them and, if necessary, bring them to the attention of the Court.

**F.     LIMITATIONS ON DISCOVERY.**

Plaintiffs request permission to take a maximum of 25 fact witness deposition pursuant to Fed. R. Civ. P. 30(a)(2). Plaintiffs request that the parties be permitted to serve 50 interrogatories. Defendants request a maximum of 25 depositions including the depositions of plaintiffs, the mortgage brokers involved with plaintiffs' loans and other potential witnesses. Defendants request that the parties be permitted to serve 50 interrogatories.

**G.     OTHER DISCOVERY DEADLINES**

The parties propose the following pre-trial schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
| --- | --- | --- |
| Deadline to Amend Pleadings | December 1, 2008 | December 1, 2008 |
| Motion for Class Certification | December 30, 2008 | December 30, 2008 |
| Non-Expert Discovery Cut-Off Date | June 29, 2009 | June 29, 2009 |
| Opening Expert Witness Disclosure | July 31, 2009 | July 31, 2009 |
| Rebuttal Expert Witness Disclosure | August 17, 2009 | August 17, 2009 |
| Expert Discovery Cut-Off Date | September 21, 2009 | September 21, 2009 |
| Dispositive Motions Due | October 19, 2009 | October 19, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |

| Filing Joint Pretrial Conference Statement and Proposed Order | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
|---|---|---|
| Lodging exhibits and other trial materials | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms verdict | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to meet and confer regarding objections to evidence | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Trial Date | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |

## H.     OTHER ORDERS.

At present, the parties do not propose that this Court enter any other orders under Fed. R. Civ. P. 16 or 26(c).  The parties expect that a confidentiality order is appropriate.  The parties are currently meeting and conferring over the proposed Stipulated Protective Order and if necessary, the parties file an appropriate motion seeking its entry.

DATED: March 25, 2008                          Respectfully submitted,

ARMANDO PLASCENCIA and MELANIA PLASCENCIA
By their attorneys,

/s/ *David M. Arbogast*
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard, Fifth Floor
Los Angeles, CA 90064-1683
Phone: (310) 235-2468; Fax: (310) 235-2456

/ / /

SEEGER WEISS LLP
Jonathan Shub (SBN 237708)

JOINT RULE 26(F) REPORT - C-07-4485 CW

1    1515 Market Street, Suite 1380
Philadelphia, PA 19102
2    Phone: (215) 564-2300; Fax (215) 851-8029

3    KIESEL BOUCHER LARSON LLP
Paul R. Kiesel (SBN 119854)
4    Patrick De Blasé(SBN 167138)
Michael C. Eyerly (SBN 178693)
5    8648 Wilshire Blvd.
Beverly Hills, CA  90211
6    Phone: (310) 854-4444; Fax: (310) 854-0812

7    LAW OFFICES OF JEFFREY K. BERNS
Jeffrey K. Berns (SBN 131351)
8    19510 Ventura Blvd., Suite 200
Tarzana, CA  91356
9    Phone: (818) 961-2000; Fax: (818) 867-4820

10    *Attorneys for Plaintiffs*

11    DATED:  March 25, 2008    LENDING 1st MORTGAGE LLC

12    By their attorneys,

13    /s/ *J. Thomas Aldrich*
J. Thomas Aldrich (SBN 216695)
14    ERICKSEN, ARBUTHNOT, KILDRUFF,
DAY & LINDSTROM, INC.
15    100 Howe Avenue, Suite 110 South
Sacramento, CA 95825-8201
16

17    *Attorneys for Defendant*

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT - C-07-4485 CW