1  MARK S. TRATTEN (SBN 119330)
   Appearing *Pro Hac Vice*
2  J. THOMAS ALDRICH (SBN 216695)
   ERICKSEN, ARBUTHNOT, KILDUFF,
3  DAY & LINDSTROM, INC.
   100 Howe Avenue, Suite 110 South
4  Sacramento, CA   (95825-8201)
   (916) 483-5181 Telephone
5

6

   Attorneys for Defendant, LENDING 1st MORTGAGE, LLC
7  fka LENDING 1st MORTGAGE

8
                       UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10                           Oakland Division

11 ARMANDO PLASCENCIA and MELANIA )      CASE NO.  C-07-4485 CW
   PLASCENCIA, individually and on behalf of)
12 all others similarly situated,         )
                                          )
13          Plaintiffs,                   )   **ANSWER TO PLAINTIFFS'**
                                          )   **SECOND AMENDED COMPLAINT**
14 v.                                     )
                                          )
15 LENDING 1st MORTGAGE and LENDING )        **JURY TRIAL DEMANDED**
   1st MORTGAGE, LLC, and DOES 1 through)
16 10, inclusive,                         )
                                          )
17          Defendants.                   )
   _____)

18

19         Comes now, defendant, LENDING 1st MORTGAGE, LLC fka LENDING 1st MORTGAGE,

20 and in answer to the Second Amended Complaint, (hereinafter "Complaint"), of plaintiffs on file

21 herein, and without waiver of this answering defendant's right to file cross-claims, admits, denies

22 and alleges as follows:

23         1.     In response to Section I, paragraph 1 of the Complaint, titled

24 "Introduction," defendant admits that this is an action filed pursuant to the Truth in Lending Act,

25 California's Unfair Competition Law, and other statutory and common law in effect.  Defendant

26 denies the remainder of this paragraph.

27         2.     In response to Section II, paragraph 2 of the Complaint, titled "The Parties,"

28
   Answer to Complaint
                                              1
   \plascencia\07-162\jtapld.001
   MST:mdg

1 defendant is without sufficient knowledge or information to form a belief as to the truth of the

2 allegations that plaintiffs, ARMANDO PLASCENCIA and MELANIA PLASCENCIA, are

3 individuals residing in San Leandro, California and that on or about May 16, 2006, they refinanced

4 their existing home loan.

5 Defendant admits that plaintiffs entered into an Option ARM loan agreement with

6 defendants.

7 Defendant is without sufficient knowledge or information to form a belief as to the truth of

8 the allegation that plaintiffs secured an Option ARM loan for their primary residence.

9 3.    In response to paragraph 3 of Section II of the Complaint, defendant admits that

10 LENDING 1st MORTGAGE was formerly a corporation and is one and the same as LENDING 1st

11 MORTGAGE, LLC, and was engaged in the business of promoting, marketing, distributing and

12 selling the Option ARM loans that are the subject of the Complaint. Defendant denies the remainder

13 of paragraph 3 of Section II of the Complaint.

14 4.    In response to paragraph 4 of Section II of the Complaint, defendant, admits that it

15 is a corporation licensed to do, and is doing business in California, and that at all relevant times

16 hereto was and is engaged in the business of promoting, marketing, distributing and selling the

17 Option ARM loans that are the subject of the Complaint.  Defendant denies the remainder of

18 paragraph 4 of Section II of the Complaint.

19 5.    In response to paragraph 7 of Section II of the Complaint, defendant admits that it

20 was engaged in the business of promoting, marketing, distributing, and selling the Option ARM

21 loans that are the subject of the Complaint.  Defendant denies the remainder of paragraph 7 of

22 Section II of the Complaint.

23 6.    Defendant denies the allegations in paragraph 8 of Section II of the Complaint.

24 7.    Defendant denies the allegations in paragraph 9 of Section II of the Complaint.

25 8.    Defendant denies the allegations in paragraph 10 of Section II of the Complaint.

26 9.    Defendant admits that it conducted business in California.  Defendant denies the

27 remaining allegations in paragraph 11 of Section II of the Complaint.

28

Answer to Complaint

2

\plascencia\07-162\jtapld.001
MST:mdg

1    10.    Defendant is without sufficient knowledge or information to form a belief as to the

2  truth of the allegation in paragraph 12 of Section II of the Complaint.

3    11.    Defendant is without sufficient knowledge or information to form a belief as to the

4  truth of the allegation in paragraph 13 of Section II of the Complaint.

5    12.    Defendant denies the allegations in paragraph 14 of Section II of the Complaint.

6    13.    In response to Section III, paragraph 15 of the Complaint, titled "Jurisdiction and

7  Venue," defendant denies that this Court has jurisdiction pursuant to 15 U.S.C. §1601 *et seq* and 28

8  U.S.C. §1331.

9    14.    Defendant denies the allegations in paragraph 16 of Section III of the Complaint in

10  that defendant resides in Southern California and does not do business in Northern California.

11    15.    Defendant denies the allegations in paragraph 17 of Section III of the Complaint.

12    16.    In response to Section IV, paragraph 18 of the Complaint, titled "Facts Common to

13  All Causes of Action," defendant admits the allegations therein.

14    17.    In response to Section IV, paragraph 19 of the Complaint, Defendant admits the

15  instant action arises out of residential mortgage loan transaction. Defendant denies the remainder

16  of paragraph 19 of Section IV of the Complaint.

17    18.    Defendant denies the allegations in paragraph 20 of Section IV of the Complaint.

18    19.    In response to Section IV, paragraph 21 of the Complaint, Defendant denies that

19  plaintiffs were "sold" an Option ARM home loan by defendants. Defendant denies the Option ARM

20  loans entered into by plaintiffs were a deceptively devised financial product. Defendant admits the

21  loan has a variable rate feature with payment caps but based on insufficient knowledge and

22  information, denies that the product was entered into based on the promise of a low fixed payment

23  based on a low listed interest rate. Defendant denies the remainder of paragraph 21 of Section IV

24  of the Complaint.

25    20.    In response to paragraph 22 of Section IV of the Complaint, defendant denies the

26

27

28  Answer to Complaint
                                      3
\plascencia\07-162\jtapld.001
MST:mdg

1   Option ARM loan entered into by plaintiffs violate the Truth In Lending Act (TILA).  Defendant

2   further denies that it failed to make certain disclosures in connection with the Option ARM loans

3   entered into by plaintiffs.  Defendant admits the remainder of this paragraph.

4          21.    Defendant denies the allegations in paragraph 23 of Section IV of the Complaint.

5          22.    In response to paragraph 24 of Section IV of the Complaint, defendant agrees that

6   plaintiffs and others similarly situated were consumers who applied for a mortgage loan through

7   defendant.  Defendant denies the remainder of this paragraph.

8          23.    In response to paragraph 25 of Section IV of the Complaint, defendant is without

9   sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiffs

10  agreed to finance their primary residence through defendant's Option ARM loan.  Defendant denies

11  any misconduct alleged herein.  Defendant admits that plaintiffs entered into a home loan with an

12  interest rate of between 1% and 3.0% interest rate which included a payment schedule.   Defendant

13  denies the remainder of this paragraph.

14         24.    In response to paragraph 26 of Section IV of the Complaint, defendant is without

15  sufficient knowledge or information as to plaintiffs' belief as to any purported three (3) - five (5)

16  year fixed interest period.  Defemdant denies that there was a 3-5 year fixed interest period and that

17  plaintiffs would be able to refinance their loan and get a new loan before their scheduled payments

18  increased.   Defendant denies the remainder of this paragraph.

19         25.    Defendant denies the allegations in paragraph 27 of Section IV of the Complaint.

20         26.    Defendant denies the allegations in paragraph 28 of Section IV of the Complaint.

21         27.    Defendant denies the allegations in paragraph 29 of Section IV of the Complaint.

22         28.     Defendant denies the allegations in paragraph 30 of Section IV of the Complaint.

23         29.    Defendant denies the allegation in paragraph 31(a) of Section IV of the Complaint

24  that there is an initial low interest rate or "teaser" rate that was used to entice the plaintiffs into

25  entering into the loan.

26         Defendant admits the rate offered was typically 1%-3%.

27

28

Answer to Complaint

4

\plascencia\07-162\jtapld.001
MST:mdg

1    In response to paragraph 31(b) of Section IV of the Complaint, defendant is without

2  sufficient knowledge or information to form a belief as to what a "low payment schedule is."

3  Defendant denies the remainder of paragraph 31(b).

4    In response to the allegation in paragraph 31(c), defendant admits the initial payments in the

5  required disclosures were equal to the interest rates being offered.  Defendant denies the remainder

6  of paragraph 31(c).

7    Defendant admits the allegation in paragraph 31(d).

8    Defendant denies the allegation in paragraph 31(e).

9    30.    Defendant denies the allegations in paragraph 32 of Section IV of the Complaint.

10    31.    Defendant denies the allegations in paragraph 33 of Section IV of the Complaint.

11    32.    Defendant denies the allegations in paragraph 34 of Section IV of the Complaint.

12    33.    In response to paragraph 35 of Section IV of the Complaint, defendant is without

13  sufficient knowledge or information to form a belief as to the truth of the allegation that disclosing

14  whether a payment will result in negative amortization is of critical importance to consumers.

15    Defendant admits that one of the consequences of negative amortization can be a loss of

16  equity.

17    Defendant is without sufficient knowledge or information to form a belief as to what

18  plaintiffs view as material information.  Defendant denies the remaining allegations in this

19  paragraph.

20    34.    Defendant denies the allegations in paragraph 36 of Section IV of the Complaint.

21    35.    Defendant denies the allegations in paragraph 37 of Section IV of the Complaint.

22    36.    Defendant denies the allegations in paragraph 38 of Section IV of the Complaint.

23    37.    In response to paragraph 39 of Section IV of the Complaint, defendant LENDING

24  1st MORTGAGE, LLC fka LENDING 1st MORTGAGE is without sufficient knowledge or

25  information to form a belief as to the truth of the allegation    that disclosure of a payment rate that is

26  sufficient to pay both principle and interest on the loans is of critical importance to consumers, and

27

28

Answer to Complaint

5

\plascencia\07-162\jtapld.001
MST:mdg

1  that disclosure of a payment rate to pay both principle and interest so as to avoid negative

2  amortization is one of the most important terms of a loan.

3       Defendant denies the remaining allegations in this section.

4       38.    Defendant denies the allegations in paragraph 40 of Section IV of the Complaint.

5       39.    Defendant denies the allegations in paragraph 41 of Section IV of the Complaint.

6       40.    Defendant denies the allegations in paragraph 42 of Section IV of the Complaint.

7       41.    Defendant denies the allegations in paragraph 43 of Section IV of the Complaint.

8       42.    Defendant denies that any facts were misrepresented or concealed.  Defendant is

9  without sufficient knowledge or information to form a belief as to the truth of the remaining

10  allegations in paragraph 44 of Section IV of the Complaint.

11       43.    Defendant denies the allegations in paragraph 45 of Section IV of the Complaint.

12       44.    Defendant denies the allegations in paragraph 46 of Section IV of the Complaint.

13       45.    Defendant is without sufficient knowledge or information to form a belief as to

14  which "above facts" in the allegations in paragraph 47 of Section IV of the Complaint plaintiffs are

15  referencing.  Therefore, defendant incorporates all admissions and denials set forth in this answer.

16       46.    Defendant denies the allegations in paragraph 48 of Section IV of the Complaint in

17  that no Class has been created in this action or that any such classes exist.

18       47.    Defendant denies the allegations in paragraph 49 of Section IV of the Complaint.

19       48.    Defendant denies the allegations in paragraph 50 of Section IV of the Complaint.

20       49.    Defendant denies the allegations in paragraph 51 of Section IV of the Complaint.

21       50.    Defendant is without sufficient knowledge or information to form a belief as to the

22  truth of the allegations in paragraph 52 of Section IV of the Complaint.

23       51.    Defendant denies the allegations in paragraph 53 of Section IV of the Complaint.

24       52.    Defendant denies the allegations in paragraph 54 of Section IV of the Complaint.

25       53.    Defendant admits the allegations in paragraph 56 of Section IV of the Complaint.

26       54.    Defendant admits the allegations in paragraph 57 of Section IV of the Complaint.

27       55.    Defendant admits the allegations in paragraph 58 of Section IV of the Complaint.

28  Answer to Complaint

\plascencia\07-162\jtapld.001
MST:mdg

56.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 of Section VI of the Complaint.

57.    Defendant denies the allegations in paragraph 60 of Section VI of the Complaint.

58.    Defendant is without sufficient knowledge or information to form a belief as to the disclosure of which interest rate plaintiffs allege in paragraph 62 of Section VI of the Complaint. Defendant denies the remainder of this paragraph.

59.    Defendant denies the allegations in paragraph 63 of Section VI of the Complaint.

60.    In response to paragraph 64 of Section VI of the Complaint, defendant denies that the interest rate set forth in the Note is the teaser rate that defendants applied to the loan for only up to the first month and a half of the loan insofar as the rate is unidentified. Defendant denies the remainder of this paragraph.

61.    Defendant denies the allegations in paragraph 65 of Section VI of the Complaint.

62.    In response to paragraph 66 of Section VI of the Complaint, defendant admits the Note also sets forth the amount of plaintiffs' initial monthly payments. Defendant denies the remainder of this paragraph.

63.    In response to paragraph 67 of Section VI of the Complaint, defendant denies the TILDS is also confusing and deceptive for much the same reason. Defendant admits it shows the scheduled payments for the first three (3) to five (5) years of the loan as being based on the initial rate plaintiffs were promised, with the agreed 7.5% annual increase in the payment amount based on increases in the interest rate as et forth in the Note. Defendant denies the remainder of this paragraph.

64.    Defendant denies the allegations in paragraph 68 of Section VI of the Complaint.

65.    Defendant denies the allegations in paragraph 69 of Section VI of the Complaint.

66.    Defendant denies the allegation sin paragraph 70 of Section VI of the Complaint.

67.    Defendant admits the allegation sin paragraph 71 of Section VI of the Complaint.

68.    Defendant admits the allegation in paragraph 72 of Section VI of the Complaint that

Answer to Complaint

7

\plascencia\07-162\jtapld.001
MST:mdg

1    a disclosure regarding negative amortization is required pursuant to §226.19. Defendant denies the

2    remainder of this paragraph.

3    　　　　69.　　　Defendant admits the allegation in paragraph 73 of Section VI of the Complaint that

4    in 1995, and continuing each time new Official Staff Commentary was issued, the Federal Reserve

5    Board made clear that when the loan was a variable rate loan with payment caps, such as those that

6    are the subject of this lawsuit, that the disclosure requires a definitive statement about negative

7    amortization. Defendant denies the remainder of this paragraph.

8    　　　　70.　　　Defendant admits the allegations in paragraph 74 of Section VI of the Complaint.

9    　　　　71.　　　Defendant admits the allegation in paragraph 75 of Section VI of the Complaint that

10   plaintiffs entered into Option ARM loans which have a variable rate feature with payment caps.

11   Defendant denies the remainder of this paragraph.

12   　　　　72.　　　Defendant denies the allegations in paragraph 76 of Section VI of the Complaint.

13   　　　　73.　　　Defendant denies the allegations in paragraph 77 of Section VI of the Complaint.

14   　　　　74.　　　Defendantdenies the allegation sin paragraph 78 of Section VI of the Complaint.

15   　　　　75.　　　Defendant denies the allegations in paragraph 79 of Section VI of the Complaint.

16   　　　　76.　　　Defendant admits the allegations in paragraph 80 of Section VI of the Complaint.

17   　　　　77.　　　Defendant denies the allegation in paragraph 81 of Section VI of the Complaint that

18   the disclosure must inform the borrower what the "true cost of the loan is" or that a separate

19   disclosure is required where payment is not based on an index and margin. Defendant admits the

20   remainder of this paragraph.

21   　　　　78.　　　Defendant admits the allegations in paragraph 82 of Section VI of the Complaint.

22   　　　　79.　　　Defendant is without sufficient knowledge or information to form a belief as to the

23   truth of the allegations in paragraph 83 of Section VI of the Complaint.

24   　　　　80.　　　In response to paragraph 84 of Section VI of the Complaint, Defendant admits the

25   allegation that the increase in the interest rate on these loans was not just a possibility; it was an

26   absolute certainty. Defendant denies the remainder of the allegations in this paragraph.

27   　　　　81.　　　Defendant admits the allegations in paragraph 85 of Section VI of the Complaint.

28   Answer to Complaint

\plascencia\07-162\jtapld.001
MST:mdg

82.    In response to paragraph 86 of Section VI of the Complaint, Defendant admits the allegation that due to the initial discounted interest rate being listed at 1% to 3%, the interest rate would increase because the index and margin were between 5% and 8% higher.  Defendant denies the remainder of this paragraph.

83.    Defendant denies the allegations in paragraph 87 of Section VI of the Complaint.

84.    Defendant denies the allegations in paragraphs 88 through 103 of Section VI of the Complaint because this entire section of the Complaint was dismissed by the Court in an Order dated April 28, 2008.

85.    Defendant admits the allegations in paragraph 105 of Section VII of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

86.    Defendant admits the allegations in paragraph 106 of Section VII of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

87.    Defendant denies the allegations in paragraph 107 of Section VII of the Complaint.

88.    Defendant denies the allegations in paragraph 108 of Section VII of the Complaint.

89.    Defendant denies the allegations in paragraph 109 of Section VII of the Complaint.

90.    Defendant denies the allegations in paragraph 110 of Section VII of the Complaint in that plaintiffs have a lack of standing to make allegations on behalf of competitors who are not parties to this action..

91.    Defendant denies the allegations in paragraph 111 of Section VII of the Complaint.

92.    Defendant denies the allegations in paragraph 112 of Section VII of the Complaint.

93.    Defendant denies the allegations in paragraph 113 of Section VII of the Complaint.

94.    Defendant denies the allegations in paragraph 114 of Section VII of the Complaint.

95.    Defendant denies the allegations in paragraph 115 of Section VII of the Complaint.

96.    Defendant admits the allegation in paragraph 117 of Section VII of the Complaint

that the initial interest rate on the note was discounted. Defendant denies the remainder of this paragraph.

97. Defendant denies the allegations in paragraph 118 of Section VII of the Complaint

98. Defendant admits the allegation in paragraph 119 of Section VII of the Complaint that the Note states "Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principle." Defendant denies the remainder of this paragraph.

99. Defendant denies the allegation in paragraph 120 of Section VII of the Complaint that the Note(s) further state, at ¶5(C) "If the Minimum Payment is not sufficient to cover the amount of the interest due, then any accrued but unpaid interest will be added to Principle and will accrue interest at the rate then in effect," insofar as this quoted language is in ¶5(A). Defendant denies the remainder of this paragraph.

100. Defendant admits the allegations in paragraph 121 of Section VII of the Complaint that the Note states an interest rate and an initial minimum payment based on the initial interest rate and that the TILDS includes the schedule of payments. Defendant denies the remainder of this paragraph.

101. Defendant denies the allegations in paragraph 122 of Section VII of the Complaint.

102. Defendant denies the allegations in paragraph 123 of Section VII of the Complaint.

103. Defendant denies the allegations in paragraph 124 of Section VII of the Complaint.

104. Defendant denies the allegations in paragraph 125 of Section VII of the Complaint.

105. Defendant denies the allegations in paragraph 126 of Section VII of the Complaint.

106. Defendant denies the allegations in paragraph 127 of Section VII of the Complaint.

107. Defendant denies any information was omitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 128 of Section VII of the Complaint.

108. Defendant denies the allegations in paragraph 129 of Section VII of the Complaint.

109. Defendant denies the allegations in paragraph 130 of Section VII of the Complaint.

110. Defendant denies the allegations in paragraph 131 of Section VII of the Complaint.

111.    Defendant admits the allegations in paragraph 133 of Section IX of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

112.    Defendant admits the allegations in paragraph 134 of Section IX of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

113.    Defendant admits the allegations in paragraph 135 of Section IX of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

114.    Defendant enies the allegations in paragraph 136 of Section IX of the Complaint.

115.    Defendant denies the allegations in paragraph 137 of Section IX of the Complaint.

116.    Defendant admits the allegation in paragraph 138 of Section IX of the Complaint that plaintiffs  applied for a mortgage loan through defendant.  Defendant denies the remainder of this paragraph.

117.    Defendant denies the allegations in paragraph 139 of Section IX of the Complaint.

118.    Defendant denies any misrepresentations and misconduct.  Defendant denies the allegation that "After, the fixed interest period, the loan documents stated that the interest rate "may" change.  Plaintiffs and the Class members believed these facts to be true because that is what the defendants wanted consumers to believe."  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph.

119.    Defendant denies the allegations in paragraph 141 of Section IX of the Complaint.

120.    Defendant denies the allegations in paragraph 142 of Section IX of the Complaint.

121.    Defendant denies the allegations in paragraph 143 of Section IX of the Complaint.

122.    Defendant denies the allegations in paragraph 144 of Section IX of the Complaint.

123.    Defendant denies the allegations in paragraph 145 of Section IX of the Complaint.

124.    Defendant denies the allegations in paragraph 146 of Section IX of the Complaint.

125.    Defendant denies the allegations in paragraph 147 of Section IX of the Complaint

1 insofar as plaintiffs have no standing to make allegations against defendant on behalf of competitors

2 who are not parties to the action.

3    126.    Defendant denies the allegations in paragraph 148 of Section IX of the Complaint.

4    127.    Defendant denies the allegations in paragraph 149 of Section IX of the Complaint.

5    128.    Defendant denies the allegations in paragraph 150 of Section IX of the Complaint.

6    129.    Defendant denies the allegations in paragraph 151 of Section IX of the Complaint.

7    130.    Defendant denies the allegations in paragraph 152 of Section IX of the Complaint.

8    131.    Defendant denies the allegations in paragraph 153 of Section IX of the Complaint.

9    132.    Defendant denies the allegation in paragraph 155 of Section X of the Complaint that

10 the Note could not be modified by plaintiffs.  Defendant admits the remainder of this paragraph.

11    133.    Defendant denies the allegations in paragraph 156 of Section X of the Complaint.

12    134.    Defendant denies the allegations in paragraph 157 of Section X of the Complaint.

13    135.    Defendant denies the allegations in paragraph 158 of Section X of the Complaint.

14    136.    Defendant denies the allegations in paragraph 159 of Section X of the Complaint.

15    137.    Defendant admits that the first year of payments is based on the initial rate and was

16 governed by the terms of the Note and that following the payment schedule set forth in the TILDS

17 would pay off all principal and interest.  Defendant denies all other allegations in paragraph 160 of

18 the Complaint.

19    138.    Defendant denies the allegations in paragraph 161 of Section X of the Complaint.

20    139.    Defendant denies the allegations in paragraph 162 of Section X of the Complaint.

21    140.    Defendant is without sufficient knowledge or information to form a belief as to the

22 truth of the allegation in paragraph 163 of Section X of the Complaint.

23    141.    Defendant is without sufficient knowledge or information to form a belief as to the

24 truth of the allegation in paragraph 164 of Section X of the Complaint.

25    142.    Defendant denies the allegations in paragraph 165 of Section X of the Complaint.

26    143.    Defendant denies the allegations in paragraph 166 of Section X of the Complaint.

27    144.    Defendant is without sufficient knowledge or information to form a belief as to the

28

Answer to Complaint

\plascencia\07-162\jtapld.001
MST:mdg

1  truth of the allegation in paragraph 168 of Section XI of the Complaint regarding plaintiffs' reasons

2  for entering into the loans.  Defendant denies the remaining allegations in this paragraph.

3      145.    Defendant denies the allegations in paragraph 169 of Section XI of the Complaint.

4      146.    Defendant admits that for each monthly payment, interest is applied before principal

5  per the terms of the Note.  Defendant denies the remaining allegations in paragraph 170 of Section

6  XI of the Complaint.

7      147.    Defendant admits that the first year of payments is based on the initial rate and was

8  governed by the terms of the Note and that following the payment schedule set forth in the TILDS

9  would pay off all principal and interest.  Defendant denies all other allegations in paragraph 171 of

10  the Complaint.

11      148.    Defendant denies the allegations in paragraph 172 of Section XI of the Complaint.

12      149.    Defendant denies the allegations in paragraph 173 of Section XI of the Complaint.

13      150.    Defendant is without sufficient knowledge or information to form a belief as to the

14  truth of the allegation in paragraph 174 of Section XI of the Complaint.

15      151.    Defendant denies the allegations in paragraph 175 of Section XI of the Complaint.

16      152.    Defendant denies the allegations in paragraph 175 of Section XI of the Complaint.

17      153.    Defendant denies the allegations in paragraph 176 of Section XI of the Complaint.

18      154.    Defendant denies the allegations in paragraph 177 of Section XI of the Complaint.

19      155.    Defendant denies the allegations in paragraph 178 of Section XI of the Complaint.

20      156.    Defendant denies the allegations in paragraph 179 of Section XI of the Complaint.

21      157.    Defendant denies the allegations in paragraph 180 of Section XI of the Complaint.

22      158.    Defendant denies the allegations in paragraph 181 of Section XI of the Complaint.

23      159.    Defendant denies the allegations in paragraph 182 of Section XI of the Complaint.

24      160.    Defendant admits the allegations in paragraph 184 of Section XII of the Complaint

25  insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the

26  remainder of this paragraph.

27      161.    Defendant admits the allegations in paragraph 185 of Section XII of the Complaint

28

1  insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the

2  remainder of this paragraph.

3      162.    Defendant denies the allegations in paragraph 186 of Section XII of the Complaint.

4      163.    Defendant denies the allegations in paragraph 187 of Section XII of the Complaint.

5      164.    Defendant denies the allegations in paragraph 188 of Section XII of the Complaint.

6      165.    Defendant admit the allegations in paragraph 189 of Section XII of the Complaint.

7      166.    Defendant denies the allegations in paragraph 190 of Section XII of the Complaint.

8      167.    Defendant denies the allegations in paragraph 191 of Section XII of the Complaint.

9      168.    Defendant admits the allegation in paragraph 192 of Section XII of the Complaint

10  that the period of time in which defendants actually provided the promised low interest rate was for

11  only up to the first thirty (30) to forty-five (45) days of the loan.  Defendant denies the remainder

12  of this paragraph.

13      169.    Defendant is without sufficient knowledge or information to form a belief as to what

14  negotiation of terms or review of loan documents unnamed third parties offered to plaintiffs.

15  Defendants denies the remainder of paragraph 193 of the Complaint.

16      170.    Defendant denies the allegations in paragraph 194 of Section XII of the Complaint.

17      171.    Defendant denies the allegations in paragraph 195 of Section XII of the Complaint.

18      172.    Defendant denies the allegations in paragraph 196 of Section XII of the Complaint.

19      173.    Defendant denies the allegations in paragraph 197 of Section XII of the Complaint.

20      174.    Defendant denies the allegations in paragraph 198 of Section XII of the Complaint.

21      175.    Defendant denies the allegations in paragraph 199 of Section XII of the Complaint.

22      176.    Defendant denies the allegations in paragraph 200 of Section XII of the Complaint.

23      177.    Defendant denies the allegations in paragraph 201 of Section XII of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

26  Defendant alleges that the plaintiffs were guilty of comparative fault in the matters set forth

27  in the complaint on file herein and that said comparative fault on the plaintiffs' part caused or

1  contributed to the injuries or damages complained of, if any.  The Court is requested to determine

2  and allocate the percentage of negligence attributable to said plaintiffs.

3  **SECOND AFFIRMATIVE DEFENSE**

4  Defendant alleges that the plaintiffs had the express knowledge of the risks and hazards set

5  forth in the complaint, as well as the magnitude of the risks and hazards, and thereafter knowingly

6  and willingly assumed those risks.

7  **THIRD AFFIRMATIVE DEFENSE**

8  Defendant alleges that neither the complaint, nor any cause of action contained therein, state

9  facts sufficient to constitute a cause of action against this answering defendant.

10  **FOURTH AFFIRMATIVE DEFENSE**

11  Defendant alleges on information and belief that plaintiffs' alleged injuries, if any there

12  were, were aggravated by plaintiffs' failure to use reasonable diligence to mitigate them.

13  **FIFTH AFFIRMATIVE DEFENSE**

14  Defendant alleges that the co-defendants, and each of them, named and unnamed in the

15  complaint, were guilty of negligence in and about the matters complained of in the complaint, which

16  proximately caused or contributed to the damages or loss complained of, if any, and that the Court

17  is requested to determine and allocate the percentage of negligence attributable to each of the co-

18  defendants.

19  **SIXTH AFFIRMATIVE DEFENSE**

20  Defendant alleges that the complaint and all causes of action contained therein are barred by

21  the applicable statutes of limitations .

22  **SEVENTH AFFIRMATIVE DEFENSE**

23  Defendant alleges that the plaintiff is estopped by action of law or by conduct from

24  maintaining the action filed in this case.

25  **EIGHTH AFFIRMATIVE DEFENSE**

26  Defendant alleges that the plaintiffs consented to the acts complained of in the complaint,

27  and that said consent was both express and implied.

28  Answer to Complaint

\plascencia\07-162\jtapld.001
MST:mdg

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the action filed in this case is not maintainable under the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs in this case are guilty of "unclean hands" in the matters set forth in the complaint, which conduct extinguishes the right to equitable relief in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that there is a lack of privity between plaintiff and defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint fails to state facts sufficient to form a basis for the granting of pre-judgment interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint fails to state facts sufficient to form a basis for the awarding of attorneys' fees.

## FOURTEENTH AFFIRMATIVE DEFENSEu

Defendant alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly known as "Proposition 51", Civil Code Sections 1431, 1431.1, 1431.2, 1431.3, 1431.4 and 1431.5) are applicable to this action to the extent either defendant or cross-complainant's injuries and damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than this answering defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that in actions such as this, seeking the imposition of punitive or exemplary damages under California law, and the basis for an award of punitive damages, are essentially criminal in nature and entitles this answering defendant to the rights given to it in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 7, 15 and 17, and Article IV, Section 16, of the California Constitution. The procedures of California law in this action which deny such rights to defendant,

Answer to Complaint

\plascencia\07-162\jtapld.001
MST:mdg

16

1  including among other things (1) a requirement that the basis for the imposition of punitive damages

2  be proven by plaintiff beyond a reasonable doubt, and (2) a unanimous jury verdict in jury trials,

3  violate defendant's rights under such constitutional provisions.

### SIXTEENTH AFFIRMATIVE DEFENSE

5  Defendant alleges the application to this answering defendant in this action of Civil Code

6  Section 3294 violates said defendant's rights guaranteed under the Fifth, Eighth and Fourteenth

7  Amendments to the United States Constitution, and Article I, Sections 7, 15 and 17 of the California

8  Constitution by, among other things, not limiting the discretion of the trier of fact as to the amount

9  of punitive damages which may be awarded.

### SEVENTEENTH AFFIRMATIVE DEFENSE

11  Defendant alleges the application to this answering defendant in this action of Civil Code

12  Section 3294 violates said defendant's rights to equal protection of the law and to be free of cruel and

13  unusual punishment and excessive fines guaranteed under the Fifth, Eighth and Fourteenth

14  Amendments to the United States Constitution, and Article I, Sections 7, 16 and 17 of the California

15  Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

17  Defendant alleges the provisions of California law limiting the amount of punitive damages

18  which may be awarded in specific type of cases while allowing unlimited punitive damages for other

19  tortious conduct constitutes impermissible discrimination against those subject to unlimited punitive

20  damages awarded, such as this answering defendant, and in favor of those defendants not subject to

21  unlimited punitive awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth

22  Amendments to the United States Constitution, and Article I, Section 7, and Article IV, Section 16,

23  of the California Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

25  Defendant alleges that the conduct alleged in plaintiffs' complaint, purportedly

26

27

28

Answer to Complaint

17

\plascencia\07-162\jtapld.001
MST:mdg

1  undertaken by defendant, which this answering defendant denies, is protected conduct under the First

2  and Fourteenth Amendments to the United States Constitution, and Article I, Section 2, of the

3  California Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

5          This defendant is informed and believes and thereon alleges that plaintiffs did not rely upon

6  any representations made by this defendant, and therefore, any injuries, losses or damages

7  complained of by plaintiffs, if any there were, were not occasioned by any representations made by

8  this defendant.

9          WHEREFORE, Defendant LENDING 1st MORTGAGE, LLC fka LENDING 1st

10 MORTGAGE prays for judgment against plaintiffs and, if so found, all Class members, as follows:

11          1.  That plaintiffs and, if so found, all Class members, take nothing by virtue of the

12 Complaint herein;

13          2. That this answering defendant be dismissed and given judgment for costs incurred herein;

14 and

15          3.  For such other and further relief as to the court deem just and proper.

### DEMAND FOR JURY TRIAL

17 Defendant hereby demands a trial by jury.

18 DATED:   May 19, 2008

19                                        ERICKSEN, ARBUTHNOT, KILDUFF,
                                          DAY & LINDSTROM, INC.
20

21

22 By: _____
                                          MARK S. TRATTEN
                                          Attorneys for Defendant, LENDING
23                                        1st MORTGAGE, LLC fka LENDING
                                          1st MORTGAGE

24

25

26

27

28
   Answer to Complaint
                                          18
   \plascencia\07-162\jtapld.001
   MST:mdg