1  David M. Arbogast (SBN 167571)
   darbogast@law111.com
2  Jeffrey K. Berns (SBN 131351)
   jberns@law111.com
3  **ARBOGAST & BERNS LLP**
   19510 Ventura Boulevard, Suite 200
4  Tarzana, California 91356
   Tel.: (818) 961-2000
5  Fax: (818) 867-4820

6  *Attorneys for Plaintiffs*

7  J. Thomas Aldrich (SBN 216695)
   taldrich@eakdl.com
8  **ERICKSEN, ARBUTHNOT, KILDRUFF,
   DAY & LINDSTROM, INC.**
9  100 Howe Avenue, Suite 110 South
   Sacramento, CA 95825-8201
10 Phone: (916) 483-5181; Fax

11 *Attorneys for Defendant*

12 [additional counsel listed on signature page]

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PLASCENCIA, and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LENDING 1st MORTGAGE and LENDING 1st MORTGAGE, LLC, and DOES 1 through 10 inclusive, <br><br> Defendants. | CASE NO. C-07-4485 CW <br><br> <u>CLASS ACTION</u> <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Hearing Date: July 1, 2008 <br> Time: 2:00 p.m. <br> Place: Courtroom 2 <br> Judge: Hon. Claudia Wilken <br><br> Complaint Filed: August 29, 2007 <br> Trial Date: Not set yet. |

Pursuant to Civil Local Rule 16-9, Plaintiffs ARMANDO PLASCENCIA, and MELANIA PLASCENCIA ("Plaintiffs") and Defendant LENDING 1st MORTGAGE, LLC. ("Defendant"), submit this Joint Case Management Statement. This statement sets forth the matters on which the parties have reached agreement, and their respective views on the matters about which they disagree.

1. **JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiffs' Second Amended Complaint ("SAC") asserts a first cause of action for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the second cause of action for fraudulent omissions, third cause of action under California's Business and Professions Code section 17200 et seq., fourth cause of action for breach of contract, and fifth cause of action for tortious breach of the implied covenant of good faith and fair dealing.

In its discovery responses, Defendant identified EMC Mortgage Corporation as the subsequent purchaser of the loan sold to Plaintiffs ARMANDO PLASCENCIA, and MELANIA PLASCENCIA. Plaintiffs intend on naming EMC Mortgage Corporation as an additional defendant pursuant to 15 U.S.C. 1641.

2. **FACTUAL SUMMARY AND DISPUTES**

   A. **Plaintiff's Statement**

This is a putative state and nationwide class action. Plaintiffs filed their Second Amended Complaint ("SAC") on January 1, 2008. The SAC asserts seven (7) causes of action and seeks a variety of legal remedies. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., is the basis for Count 1 and includes six (6) alleged independent violations of TILA. Count 2 is predicated on the alleged fraudulent omissions. There are two contract causes of action: breach of contract (Count 5) and breach of the implied covenant of good faith and fair dealing (Count 6). The Unfair Competition Law, Business and Professions Code § 17200 et seq., is the basis for Counts 2 and 7 (unlawful business practices), and Count 4 ("unfair" and "fraudulent" business practices).

   B. **Defendant's Statement**

Defendant, Lending 1st Mortgage, contends that it clearly and conspicuously made all of the

necessary disclosures required by the Truth-in-Lending Act. Defendant further contends that many of the alleged violations alleged by Plaintiffs were not covered by any provisions of the Truth-in-Lending Act. Additionally, any rescission of the contract should involve the current note holder. Defendant further contends that venue is improper in the Northern District of California.

**3.   LEGAL ISSUES**

   **A.   Plaintiff's Statement**

(1) Whether Defendant's loan documents violated the Truth in Lending Act, 15 U.S.C. §1601, et seq.

(2) Whether Defendants, by and through their officers, employees and agents concealed, omitted and/or otherwise failed to disclose information they were mandated to disclose under TILA;

(3) Whether Defendant, on a common class wide basis, failed to disclose the true variable nature of interest rates on adjustable rate mortgage loans and adjustable rate home equity loans;

(4) Whether Defendant's loan documents failed to disclose and omitted important material facts to Plaintiffs and the putative Class members prior to entering into the loans;

(5) Whether Defendant, on a common class wide basis, failed to disclose and omitted important material information concerning negative amortization prior to Plaintiffs and the putative Class members prior to entering into the loans.

(6) Whether Defendant engaged in unfair business practices aimed at deceiving Plaintiffs and the Class members before and during the loan application process;

(7) Whether Defendants failed to properly disclose the process by which negative amortization occurs, ultimately resulting in the recasting of the payment structure over the remaining lifetime of the loans;

(8) Whether Defendant's failure to apply Plaintiffs' and the Class members' payments to principal as promised in the standardized form Note(s) constitutes a breach of contract, including a breach of the covenant of good faith and fair dealing;

(9) Whether Defendants' conduct in immediately raising the interest rate on consumers' loans so that no payments were applied to the principal balance constitutes breach of the covenant of good faith and fair dealing;

(10) Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiffs and the Class Members as a whole.

Discovery may reveal additional common legal issues in dispute.

### B. Defendant's Statement

In addition to the issues cited by Plaintiffs, Defendant states:

(1) Whether the named Plaintiffs are appropriate representatives for any purported classes.

(2) Whether class certification is appropriate.

(3) Whether the necessary disclosures were confusing or misleading.

(4) Whether Defendant had a duty to disclose that negative amortization was certain to occur.

(5) Whether negative amortization was certain to occur.

(6) Whether Defendant had a duty to disclose more information than was contained in the loan documents.

## 4. MOTIONS

### A. Prior Motions

Defendant Filed a Motion to Dismiss or in the Alternative to Transfer the Case to the Central District. On April 28, 2008, this Court issued it's Order Granting in Part Defendants' Motion to Dismiss And Denying Defendants' Motion To Transfer.

### B. Pending Motions

There are no motions are pending.

### C. Anticipated Motions

Plaintiff intends on moving for class certification.

Defendant intends on moving for summary judgment.

## 5. AMENDMENT OF PLEADINGS

Pursuant to 15 U.S.C. § 1641, Plaintiff intends on moving to amend their Complaint naming EMC Mortgage Corporation as an additional Defendant.

## 6. EVIDENCE PRESERVATION

The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and have taken steps to comply with their obligations.

7.    **DISCLOSURES**

The parties have agreed that initial disclosures will be exchanged pursuant to Fed. R. Civ. P. 26(a)(1) within the time prescribed in the Rule.

8.    **DISCOVERY**

    A.    <u>Discovery to Date</u>

Plaintiff propounded an initial set of requests for production of documents and interrogatories. Defendant has responded to Plaintiff's discovery requests and the parties have met and conferred over the adequacy of Defendant's responses. Defendant is currently in the process of supplementing and producing additional information and documents. Plaintiff intends on taking the depositions of Defendant's person most knowledgeable concerning Defendant's loan practices after receiving and analyzing Defendant's full and complete responses to Plaintiff's discovery requests.

    B.    <u>Scope of Discovery</u>

The parties are in agreement that discovery should proceed forthwith. Plaintiffs will be seeking discovery related to identifying the subsequent purchasers and assignees of the ARM loans Defendant sold during the Class Period. Plaintiffs will also be seeking discovery related to Defendant's loan practices and conduct in connection with the formulation, development, implementation and marketing of the ARM loans at issue. Defendant will be seeking discovery related to the status of Plaintiffs' current loans, the identities of brokers through whom Plaintiffs obtained their mortgages, Plaintiffs' mortgage history, and Plaintiffs' conduct during and after obtaining the mortgages. The parties further agree that initial discovery should be directed to class certification issues, but acknowledge the potential for overlap between discovery related to class certification and that related to the merits.

    C.    <u>Modifications of Discovery Rules</u>

The parties do not believe that any modification of the discovery rules is necessary at this time.

9.    **CLASS ACTIONS**

<u>PLAINTIFF'S STATEMENT:</u>

    A.    **Paragraphs of FRCP 23**

FRCP 23(a) and (b)(3).

    B.    **Description of the Class**

**The California Class**: All individuals who, within the four year period preceding the filing of Plaintiffs' Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the State of California; and

**The National Class**: All individuals in the United States of America who, within the four year period preceding the filing of Plaintiffs' complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.

An appropriate sub-Class exists for the following Class Members:

All individuals in the United States of America who, within the three year period preceding the filing of Plaintiffs' complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendant on their primary residence located in the United States of America.

See Second Amended Complaint, ¶ 48.

### C. Facts Showing Plaintiffs Are Entitled to Maintain the Class Action

This case primarily involves Defendant's failure to disclose important material facts, in the standardized loan contracts provided to Plaintiffs and the putative class members, prior to entering into the loans. The case is therefore narrowly tailored to redress omissions and failures to disclose in the loan documents ( Note, Truth-In-Lending Disclosure Statements ("TILDS") and Prepayment Penalty Rider). As such, Plaintiffs believe that Defendant's liability can be determined a class-wide because proof for one shall be proof for all.

### D. Proposed Date for Hearing on Motion for Class Certification

Proposed last date for hearing on Plaintiff's Motion for Class Certification: December 30, 2008.

**DEFENDANT'S STATEMENT:**

Class certification is inappropriate and named Plaintiffs will not adequately represent any purported class. Additionally, the loan documents and disclosures, which encompass more than those cited by Plaintiffs, were tailored to each perspective borrower.

### 10. RELATED CASES

The parties are not aware of any related cases.

### 11. PLAINTIFF'S REQUEST FOR RELIEF

Plaintiffs seek an order declaring that Defendant violated TILA, 15 U.S.C. §1601, et seq., that

Plaintiffs and the Class members have a right to rescind pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, and for an order rescinding Plaintiffs' individual mortgage and those of any class member desirous of such relief, and for an order awarding other relief as the Court deems just and proper.

Plaintiffs also seek an order awarding Plaintiffs and the putative class members damages (actual, consequential, and exemplary), restitution, and for declaratory and injunctive relief under Plaintiffs state law claims for Fraudulent Omissions, violation of California's Unfair Competition Act, Bus. & Prof. Code §§ 17200, et. seq., Breach of Contract, Tortious Breach of the Covenant of Good Faith and Fair Dealing, and other relief as is just and proper.

**12. SETTLEMENT AND ADR**

The parties believe that the method of ADR should be revisited once the subsequent purchaser of Plaintiffs loan, ECM Mortgage Corporation, has appeared.

**13. CONSENT TO MAGISTRATE JUDGE**

The parties have not consented to proceed before a Magistrate Judge.

**14. OTHER REFERENCES**

None presently.

**15. NARROWING OF ISSUES, PRESENTATION OF EVIDENCE**

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion. The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

**16. EXPEDITED SCHEDULE**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

**17. SCHEDULING**

Plaintiffs believe that scheduling should be deferred until the subsequent purchaser, ECM Mortgage Corporation has been served and appeared in this action. Plaintiffs therefore suggest that the Court set a further case management conference 90 days after the filing of Plaintiff's Third Amended Complaint. In their Rule 26(f) report, Plaintiffs previously proposed the following pre-trial schedule (See Plaintiff's Requested Deadline below).

Defendant's Requested Deadline has been adjusted as follows:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings | December 1, 2008 | April 1, 2009 |
| Motion for Class Certification | December 30, 2008 | April 30, 2009 |
| Non-Expert Discovery Cut-Off Date | June 29, 2009 | November 30, 2009 |
| Opening Expert Witness Disclosure | July 31, 2009 | December 28, 2009 |
| Rebuttal Expert Witness Disclosure | August 17, 2009 | January 11, 2010 |
| Expert Discovery Cut-Off Date | September 21, 2009 | February 15, 2010 |
| Dispositive Motions Due | October 19, 2009 | March 15, 2010 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Lodging exhibits and other trial materials | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms verdict | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to meet and confer regarding objections to evidence | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Trial Date | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |

/ / /

/ / /

1  **18.  TRIAL**

2  The parties believe the jury will take approximately fifteen court days.

3  **19.  DISCLOSURE OF INTERESTED PARTIES**

4  Plaintiff filed her Certificate of Interested on August 29, 2007. Plaintiff certified that in addition
5  to the named Plaintiffs, members of the proposed class or classes of LENDING 1st MORTGAGE and
6  LENDING 1st MORTGAGE, LLC.'s customers who were sold and Adjustable Rate Mortgage ("ARM")
7  loan, whose identities are as yet unknown.

8  Defendant filed its Certificate of Interested Parties on June 24, 2008. Defendant certified that
9  other than the named parties, Chris Lombardi and AIG are interested parties.

10  / / /
11  / / /
12  / / /
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

JOINT CASE MANAGEMENT CONFERENCE STATEMENT - C-07-4485 CW

**20.  OTHER MATTERS**

At this time, the parties do not have any other additional matters that should be raised.

DATED: June 24, 2008

Respectfully submitted,

ARMANDO PLASCENCIA and MELANIA PLASCENCIA
By their attorneys,

/s/ *David M. Arbogast*
ARBOGAST & BERNS LLP
19510 Ventura Blvd., Suite 200
Tarzana, CA 91356
Phone: (818) 961-2000; Fax: (818) 867-4820

KIESEL BOUCHER LARSON LLP
Paul R. Kiesel (SBN 119854)
Patrick De Blasé (SBN 167138)
Michael C. Eyerly (SBN 178693)
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Phone: (310) 854-4444; Fax: (310) 854-0812

SEEGER WEISS LLP
Jonathan Shub (SBN 237708)
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Phone: (215) 564-2300; Fax (215) 851-8029

*Attorneys for Plaintiffs*

DATED: June 24, 2008

LENDING 1st MORTGAGE LLC

By their attorneys,

/s/ *J. Thomas Aldrich*
J. Thomas Aldrich (SBN 216695)
ERICKSEN, ARBUTHNOT, KILDRUFF, DAY & LINDSTROM, INC.
100 Howe Avenue, Suite 110 South
Sacramento, CA 95825-8201

*Attorneys for Defendant*