MARK S. TRATTEN (SBN 119330)
Appearing *Pro Hac Vice*
J. THOMAS ALDRICH (SBN 216695)
ERICKSEN, ARBUTHNOT, KILDUFF,
DAY & LINDSTROM, INC.
100 Howe Avenue, Suite 110 South
Sacramento, CA   (95825-8201)
(916) 483-5181 Telephone

Attorneys for Defendant, LENDING 1st MORTGAGE, LLC
fka LENDING 1st MORTGAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

| | |
|---|---|
| ARMANDO PLASCENCIA and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LENDING 1st MORTGAGE and LENDING 1st MORTGAGE, LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.  C-07-4485 CW<br><br>**ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Comes now, defendant, LENDING 1st MORTGAGE, LLC fka LENDING 1st MORTGAGE, and in answer to the Third Amended Complaint, (hereinafter "Complaint"), of plaintiffs on file herein, and without waiver of this answering defendant's right to file cross-claims, admits, denies and alleges as follows:

1.      In response to Section I, paragraph 1 of the Complaint, titled "Introduction," defendant admits that this is an action filed pursuant to the Truth in Lending Act, California's Unfair Competition Law, and other statutory and common law in effect.  Defendant denies the remainder of this paragraph.

---

Answer to Third Amended Complaint

\plascencia\07-162\jtapld.001
MST:mdg

1

2.   In response to Section II, paragraph 2 of the Complaint, titled "The Parties," defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that plaintiffs, ARMANDO PLASCENCIA and MELANIA PLASCENCIA, are individuals residing in San Leandro, California and that on or about May 16, 2006, they refinanced their existing home loan.

Defendant admits that plaintiffs entered into an Option ARM loan agreement with defendants and that Exhibit 1 to the Third Amended Complaint is a true and correct copy of the Note and the Truth-in-Lending Disclosure Statement.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiffs secured an Option ARM loan for their primary residence.

3.   In response to paragraph 3 of Section II of the Complaint, defendant admits that LENDING 1st MORTGAGE was formerly a corporation and is one and the same as LENDING 1st MORTGAGE, LLC, and was engaged in the business of promoting, marketing, distributing and selling the Option ARM loans that are the subject of the Complaint. Defendant denies the remainder of paragraph 3 of Section II of the Complaint.

4.   In response to paragraph 4 of Section II of the Complaint, defendant, admits that it was a corporation licensed to do, and was doing business in California, and that at all relevant times hereto was and is engaged in the business of promoting, marketing, distributing and selling the Option ARM loans that are the subject of the Complaint. Defendant denies the remainder of paragraph 4 of Section II of the Complaint.

5.   In response to paragraph 6 of Section II of the Complaint, defendant admits that 15 U.S.C. § 1641 allows an assignee to be subject to all claims and defenses with respect to a mortgage and that EMC MORTGAGE was an assignee of plaintiffs' loan. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6.

6.   In response to paragraph 8 of Section II of the Complaint, defendant admits that it was engaged in the business of promoting, marketing, distributing, and selling the Option ARM loans

that are the subject of the Complaint. Defendant denies the remainder of paragraph 7 of Section II of the Complaint.

7. Defendant denies the allegations in paragraph 9 of Section II of the Complaint.

8. Defendant denies the allegations in paragraph 10 of Section II of the Complaint.

9. Defendant denies the allegations in paragraph 11 of Section II of the Complaint.

10. Defendant admits that it conducted business in California. Defendant denies the remaining allegations in paragraph 12 of Section II of the Complaint.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 13 of Section II of the Complaint.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 14 of Section II of the Complaint.

13. Defendant denies the allegations in paragraph 15 of Section II of the Complaint.

14. In response to Section III, paragraph 16 of the Complaint, titled "Jurisdiction and Venue," defendant denies that this Court has jurisdiction pursuant to 15 U.S.C. §1601 *et seq* and 28 U.S.C. §1331.

15. Defendant denies the allegations in paragraph 17 of Section III of the Complaint in that defendant resides in Southern California and does not do business in Northern California. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding other defendants.

16. Defendant denies the allegations in paragraph 18 of Section III of the Complaint.

17. In response to Section IV, paragraph 19 of the Complaint, titled "Facts Common to All Causes of Action," defendant admits the allegations therein.

18. In response to Section IV, paragraph 20 of the Complaint, Defendant admits the instant action arises out of residential mortgage loan transaction. Defendant denies the remainder of paragraph 20 of Section IV of the Complaint.

19. Defendant denies the allegations in paragraph 21 of Section IV of the Complaint.

20. In response to Section IV, paragraph 22 of the Complaint, defendant denies that plaintiffs were "sold" an Option ARM home loan by defendants. Defendant denies the Option ARM loans entered into by plaintiffs were a deceptively devised financial product. Defendant admits the loan has a variable rate feature with payment caps but based on insufficient knowledge and information, denies that the product was entered into based on the promise of a low fixed payment based on a low listed interest rate. Defendant denies the remainder of paragraph 22 of Section IV of the Complaint.

21. In response to paragraph 23 of Section IV of the Complaint, defendant denies the Option ARM loan entered into by plaintiffs violate the Truth In Lending Act (TILA). Defendant further denies that it failed to make certain disclosures in connection with the Option ARM loans entered into by plaintiffs. Defendant admits the remainder of this paragraph.

22. Defendant denies the allegations in paragraph 24 of Section IV of the Complaint.

23. In response to paragraph 25 of Section IV of the Complaint, defendant agrees that plaintiffs were consumers who applied for a mortgage loan through defendant. Defendant denies the remainder of this paragraph.

24. In response to paragraph 26 of Section IV of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiffs agreed to finance their primary residence through defendant's Option ARM loan. Defendant denies any misconduct alleged herein. Defendant admits that plaintiffs entered into a home loan with an interest rate of between 1% and 3.0% which included a payment schedule. Defendant denies the remainder of this paragraph.

25. In response to paragraph 27 of Section IV of the Complaint, defendant is without sufficient knowledge or information as to plaintiffs' belief as to any purported three (3) - five (5) year fixed interest period and that plaintiffs would be able to refinance their loan and get a new loan before their scheduled payments increased. Defendant denies that there was a 3-5 year fixed interest period. Defendant denies the remainder of this paragraph.

26. Defendant denies the allegations in paragraph 28 of Section IV of the Complaint.

27.  Defendant denies the allegations in paragraph 29 of Section IV of the Complaint.

28.  Defendant denies the allegations in paragraph 30 of Section IV of the Complaint.

29.  Defendant denies the allegations in paragraph 31 of Section IV of the Complaint.

30.  Defendant denies the allegation in paragraph 32(a) of Section IV of the Complaint that an initial low interest rate or "teaser" rate was used to entice the plaintiffs into entering into the loan.

Defendant admits the initial rate offered was typically 1%-3%.

In response to paragraph 32(b) of Section IV of the Complaint, defendant is without sufficient knowledge or information to form a belief as to what a "low payment schedule is." Defendant denies the remainder of paragraph 32(b).

In response to the allegation in paragraph 32(c), defendant admits the initial payments in the required disclosures reflected the initial interest rate being offered. Defendant denies the remainder of paragraph 32(c).

Defendant admits the allegation in paragraph 32(d).

Defendant denies the allegation in paragraph 32(e).

31.  Defendant denies the allegations in paragraph 33 of Section IV of the Complaint.

32.  Defendant denies the allegations in paragraph 34 of Section IV of the Complaint.

33.  Defendant denies the allegations in paragraph 35 of Section IV of the Complaint.

34.  In response to paragraph 36 of Section IV of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that disclosing whether a payment will result in negative amortization is of critical importance to consumers.

Defendant admits that one of the consequences of negative amortization can be a loss of equity.

Defendant is without sufficient knowledge or information to form a belief as to what plaintiffs view as material information. Defendant denies the remaining allegations in this paragraph.

35.  Defendant denies the allegations in paragraph 37 of Section IV of the Complaint.

36. Defendant denies the allegations in paragraph 38 of Section IV of the Complaint.

37. Defendant denies the allegations in paragraph 39 of Section IV of the Complaint.

38. In response to paragraph 40 of Section IV of the Complaint, defendant LENDING 1st MORTGAGE, LLC fka LENDING 1st MORTGAGE is without sufficient knowledge or information to form a belief as to the truth of the allegation that disclosure of a payment rate that is sufficient to pay both principle and interest on the loans is of critical importance to consumers, and that disclosure of a payment rate to pay both principle and interest so as to avoid negative amortization is one of the most important terms of a loan.

Defendant denies the remaining allegations in this section.

39. Defendant denies the allegations in paragraph 41 of Section IV of the Complaint.

40. Defendant denies the allegations in paragraph 42 of Section IV of the Complaint.

41. Defendant denies the allegations in paragraph 43 of Section IV of the Complaint.

42. Defendant denies the allegations in paragraph 44 of Section IV of the Complaint.

43. Defendant denies that any facts were misrepresented or concealed. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 45 of Section IV of the Complaint.

44. Defendant denies the allegations in paragraph 46 of Section IV of the Complaint.

45. Defendant denies the allegations in paragraph 47 of Section IV of the Complaint.

46. Defendant is without sufficient knowledge or information to form a belief as to which "above facts" in the allegations in paragraph 48 of Section IV of the Complaint plaintiffs are referencing. Therefore, defendant incorporates all admissions and denials set forth in this answer.

47. Defendant denies the allegations in paragraph 49 of Section IV of the Complaint in that no Class has been created in this action or that any such classes exist.

48. Defendant denies the allegations in paragraph 50 of Section IV of the Complaint.

49. Defendant denies the allegations in paragraph 51 of Section IV of the Complaint.

50. Defendant denies the allegations in paragraph 52 of Section IV of the Complaint.

51.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of Section IV of the Complaint.

52.   Defendant denies the allegations in paragraph 54 of Section IV of the Complaint.

53.   Defendant denies the allegations in paragraph 55 of Section IV of the Complaint.

54.   Defendant admits the allegations in paragraph 56 of Section IV of the Complaint.

55.   Defendant is without sufficient knowledge or information to form a belief as to the disclosure of which interest rate plaintiffs allege in paragraph 57 of Section VI of the Complaint. Defendant denies the remainder of this paragraph.

56.   Defendant denies the allegations in paragraph 58 of Section VI of the Complaint.

57.   In response to paragraph 59 of Section VI of the Complaint, defendant denies that the interest rate set forth in the Note is the teaser rate that defendants applied to the loan for only up to the first month and a half of the loan insofar as the rate is unidentified. Defendant denies the remainder of this paragraph.

58.   Defendant denies the allegations in paragraph 60 of Section VI of the Complaint.

59.   In response to paragraph 61 of Section VI of the Complaint, defendant admits the Note also sets forth the amount of plaintiffs' initial monthly payments. Defendant denies the remainder of this paragraph.

60.   In response to paragraph 62 of Section VI of the Complaint, defendant denies the TILDS is confusing and deceptive. Defendant admits it shows the scheduled payments for the first three (3) to five (5) years of the loan as being based on the initial rate plaintiffs were promised, with the agreed 7.5% annual increase in the payment amount based on increases in the interest rate as et forth in the Note. Defendant denies the remainder of this paragraph.

61.   Defendant denies the allegations in paragraph 63 of Section VI of the Complaint.

62.   Defendant denies the allegations in paragraph 64 of Section VI of the Complaint.

63.   Defendant denies the allegation sin paragraph 65 of Section VI of the Complaint.

64. Defendant is without sufficient knowledge or information to form a belief as to the disclosure of which interest rate plaintiffs allege in paragraph 66 of Section VI of the Complaint. Defendant denies the remainder of this paragraph.

65. Defendant denies the allegations in paragraph 67 of Section VI of the Complaint.

66. Defendant denies the allegations in paragraph 68 of Section VI of the Complaint.

67. Defendant denies the allegations in paragraph 69 of Section VI of the Complaint.

68. Defendant denies the allegations in paragraph 70 of Section VI of the Complaint.

69. Defendant denies the allegations in paragraph 71 of Section VI of the Complaint.

70. Defendant denies the allegations in paragraph 72 of Section VI of the Complaint.

71. Defendant denies the allegations in paragraph 73 of Section VI of the Complaint.

72. Defendant denies the allegations in paragraph 74 of Section VI of the Complaint.

73. Defendant denies the allegations in paragraph 75 of Section VI of the Complaint.

74. Defendant is without sufficient knowledge or information to form a belief as to what Plaintiffs and Class members reasonably believed regarding the payment schedule as alleged in paragraph 76 of Section VI of the Complaint. Defendant denies the remainder of this paragraph.

75. Defendant admits the allegations in paragraph 77 of Section VI of the Complaint insofar as the quoted language is included in the Official Staff Commentary but is not complete and is emphasized whereas the Official Staff Commentary lacks emphasis.

76. Defendant denies the allegations in paragraph 78 of Section VI of the Complaint.

77. Defendant admits the allegations in paragraph 79 of Section VI of the Complaint.

78. Defendant admits the allegation in paragraph 80 of Section VI of the Complaint that a disclosure regarding negative amortization is required pursuant to §226.19. Defendant denies the remainder of this paragraph.

79. Defendant admits the allegation in paragraph 81 of Section VI of the Complaint that in 1995, and continuing each time new Official Staff Commentary was issued, the Federal Reserve Board made clear that when the loan was a variable rate loan with payment caps, such as those that

are the subject of this lawsuit, that the disclosure requires a statement about negative amortization. Defendant denies the remainder of this paragraph.

80. Defendant admits the allegations in paragraph 82 of Section VI of the Complaint.

81. Defendant admits the allegation in paragraph 83 of Section VI of the Complaint that plaintiffs entered into an Option ARM loan which has a variable rate feature with payment caps. Defendant denies the remainder of this paragraph.

82. Defendant denies the allegations in paragraph 84 of Section VI of the Complaint.

83. Defendant admits the quoted statement in paragraph 85 of Section VI of the Complaint is in ¶5 of the Note with emphasis added by plaintiffs and the quote ends with "in effect" rather than "available". Defendant denies the remainder of the allegations in paragraph 85 of Section VI of the Complaint.

84. Defendant denies the allegations in paragraph 86 of Section VI of the Complaint.

85. Defendant admits the allegations in paragraph 87 of Section VI of the Complaint.

86. Defendant admits that TILA and Regulation Z require disclosure of a discounted interest rate. Defendant denies the remainder of the allegations in paragraph 88 of Section VI of the Complaint.

87. Defendant admits the allegations in paragraph 89 of Section VI of the Complaint.

88. Defendant admits the allegations in paragraph 90 of Section VI of the Complaint insofar as the interest rate was certain to increase above the discounted rate. Defendant denies the remainder of the allegations in the paragraph.

89. Defendant admits the allegations in paragraph 91 of Section VI of the Complaint that the loan documents state that the interest rates may increase if the index increases, that an interest rate increase was certain, and that an increase in the index was not the only thing that would cause an increase in the interest rate. Defendant denies the remainder of the allegations in the paragraph.

90. Defendant denies the allegations in paragraph 92 of Section VI of the Complaint.

91. Defendant admits the allegations in paragraph 93 of Section VI of the Complaint that the interest rate would increase because the initial rate was discounted and the margin and index

1 were higher than the discounted rate.  Defendant denies the remainder of the allegations in the paragraph.

92. Defendant denies the allegations in paragraph 94 of Section VI of the Complaint.

93. Defendant denies the allegations in paragraph 95 of Section VI of the Complaint.

94. Defendant denies the allegations in paragraph 96 of Section VI of the Complaint.

95. Defendant admits the allegations in paragraph 98 of Section VII of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

96. Defendant admits the allegations in paragraph 99 of Section VII of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations.  Defendant denies the remainder of this paragraph.

97. Defendant denies the allegations in paragraph 100 of Section VII of the Complaint.

98. Defendant denies the allegations in paragraph 101 of Section VII of the Complaint in that plaintiffs have a lack of standing to make allegations on behalf of competitors who are not parties to this action.

99. Defendant denies the allegations in paragraph 102 of Section VII of the Complaint.

100. Defendant denies the allegations in paragraph 103 of Section VII of the Complaint and further assert that plaintiffs lack standing to make allegations on behalf of competitors who are not parties to this action.

101. Defendant denies the allegations in paragraph 104 of Section VII of the Complaint.

102. Defendant denies the allegations in paragraph 105 of Section VII of the Complaint.

103. Defendant denies the allegations in paragraph 106 of Section VII of the Complaint.

104. Defendant denies the allegations in paragraph 107 of Section VII of the Complaint.

105. Defendant denies the allegations in paragraph 108 of Section VII of the Complaint.

106. Defendant admits the allegation in paragraph 110 of Section VII of the Complaint that the initial interest rate on the Note was discounted.  Defendant denies the remainder of this paragraph.

1   107.   Defendant admits the allegation in paragraph 111 of Section VII of the Complaint that the initial interest rate on the note was discounted. Defendant denies the remainder of this paragraph.

108.   Defendant admits the allegation in paragraph 112 of Section VII of the Complaint that the Note states, "Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principle." Defendant denies the remainder of this paragraph.

109.   Defendant denies the allegation in paragraph 113 of Section VII of the Complaint that the Note(s) further state, at ¶5(C) "If the Minimum Payment is not sufficient to cover the amount of the interest due, then any accrued but unpaid interest will be added to Principle and will accrue interest at the rate then in effect," insofar as this quoted language is in ¶5(A). Defendant denies the remainder of this paragraph.

110.   Defendant admits the allegations in paragraph 114 of Section VII of the Complaint that the Note states an interest rate and an initial minimum payment based on the initial interest rate and that the TILDS includes the schedule of payments. Defendant denies the remainder of this paragraph.

111.   Defendant denies the allegations in paragraph 115 of Section VII of the Complaint.

112.   Defendant denies the allegations in paragraph 116 of Section VII of the Complaint.

113.   Defendant denies the allegations in paragraph 117 of Section VII of the Complaint.

114.   Defendant denies the allegations in paragraph 118 of Section VII of the Complaint.

115.   Defendant denies the allegations in paragraph 119 of Section VII of the Complaint.

116.   Defendant denies the allegations in paragraph 120 of Section VII of the Complaint.

117.   Defendant denies any information was omitted. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 121 of Section VII of the Complaint.

118.   Defendant denies the allegations in paragraph 122 of Section VII of the Complaint.

119.   Defendant denies the allegations in paragraph 123 of Section VII of the Complaint.

120.   Defendant denies the allegations in paragraph 124 of Section VII of the Complaint.

121. Defendant admits the allegations in paragraph 126 of Section IX of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations. Defendant denies the remainder of this paragraph.

122. Defendant admits the allegations in paragraph 127 of Section IX of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations. Defendant denies the remainder of this paragraph.

123. Defendant admits the allegations in paragraph 128 of Section IX of the Complaint insofar as the plaintiffs are bringing an action for the alleged violations. Defendant denies the remainder of this paragraph.

124. Defendant denies the allegations in paragraph 129 of Section IX of the Complaint.

125. Defendant denies the allegations in paragraph 130 of Section IX of the Complaint.

126. Defendant admits the allegation in paragraph 131 of Section IX of the Complaint that plaintiffs applied for a mortgage loan through defendant. Defendant denies the remainder of this paragraph.

127. Defendant denies the allegations in paragraph 132 of Section IX of the Complaint.

128. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 133 of Section VII of the Complaint that plaintiffs agreed to finance their primary residence through loans from defendant and what plaintiffs believed. Defendant denies the remainder of the allegations in the paragraph.

129. Defendant denies the allegations in paragraph 134 of Section IX of the Complaint.

130. Defendant denies the allegations in paragraph 135 of Section IX of the Complaint.

131. Defendant denies the allegations in paragraph 136 of Section IX of the Complaint.

132. Defendant denies the allegations in paragraph 137 of Section IX of the Complaint.

133. Defendant denies the allegations in paragraph 138 of Section IX of the Complaint.

134. Defendant denies the allegations in paragraph 139 of Section IX of the Complaint.

135. Defendant denies the allegations in paragraph 140 of Section IX of the Complaint

insofar as plaintiffs have no standing to make allegations against defendant on behalf of competitors who are not parties to the action.

136. Defendant denies the allegations in paragraph 141 of Section IX of the Complaint.

137. Defendant denies the allegations in paragraph 142 of Section IX of the Complaint.

138. Defendant denies the allegations in paragraph 143 of Section IX of the Complaint.

139. Defendant denies the allegations in paragraph 144 of Section IX of the Complaint.

140. Defendant denies the allegations in paragraph 145 of Section IX of the Complaint.

141. Defendant denies the allegations in paragraph 146 of Section IX of the Complaint.

142. Defendant denies the allegation in paragraph 148 of Section X of the Complaint that the Note could not be modified by plaintiffs. Defendant admits the remainder of this paragraph.

143. Defendant denies the allegations in paragraph 149 of Section X of the Complaint.

144. Defendant denies the allegations in paragraph 150 of Section X of the Complaint.

145. Defendant denies the allegations in paragraph 151 of Section X of the Complaint.

146. Defendant denies the allegations in paragraph 152 of Section X of the Complaint.

147. Defendant admits that the first year of payments is based on the initial rate and was governed by the terms of the Note and that following the payment schedule set forth in the TILDS would pay off all principal and interest. Defendant denies all other allegations in paragraph 153 of the Complaint.

148. Defendant denies the allegations in paragraph 154 of Section X of the Complaint.

149. Defendant denies the allegations in paragraph 155 of Section X of the Complaint.

150. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 156 of Section X of the Complaint.

151. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 157 of Section X of the Complaint.

152. Defendant denies the allegations in paragraph 158 of Section X of the Complaint.

153. Defendant denies the allegations in paragraph 159 of Section X of the Complaint.

154. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 161 of Section XI of the Complaint regarding plaintiffs' reasons for entering into the loans. Defendant denies the remaining allegations in this paragraph.

155. Defendant denies the allegations in paragraph 162 of Section XI of the Complaint.

156. Defendant admits that for each monthly payment, interest is applied before principal per the terms of the Note. Defendant denies the remaining allegations in paragraph 163 of Section XI of the Complaint.

157. Defendant admits that the first year of payments is based on the initial rate and was governed by the terms of the Note and that following the payment schedule set forth in the TILDS would pay off all principal and interest. Defendant denies all other allegations in paragraph 164 of the Complaint.

158. Defendant denies the allegations in paragraph 165 of Section XI of the Complaint.

159. Defendant denies the allegations in paragraph 166 of Section XI of the Complaint.

160. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 167 of Section XI of the Complaint.

161. Defendant denies the allegations in paragraph 168 of Section XI of the Complaint.

162. Defendant denies the allegations in paragraph 169 of Section XI of the Complaint.

163. Defendant denies the allegations in paragraph 170 of Section XI of the Complaint.

164. Defendant denies the allegations in paragraph 171 of Section XI of the Complaint.

165. Defendant denies the allegations in paragraph 172 of Section XI of the Complaint.

166. Defendant denies the allegations in paragraph 173 of Section XI of the Complaint.

167. Defendant denies the allegations in paragraph 174 of Section XI of the Complaint.

168. Defendant denies the allegations in paragraph 175 of Section XI of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs were guilty of comparative fault in the matters set forth in the third amended complaint on file herein and that said comparative fault on the plaintiffs' part

caused or contributed to the injuries or damages complained of, if any. The Court is requested to determine and allocate the percentage of negligence attributable to said plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs had the express knowledge of the risks and hazards set forth in the third amended complaint, as well as the magnitude of the risks and hazards, and thereafter knowingly and willingly assumed those risks.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that neither the third amended complaint, nor any cause of action contained therein, state facts sufficient to constitute a cause of action against this answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that plaintiffs' alleged injuries, if any there were, were aggravated by plaintiffs' failure to use reasonable diligence to mitigate them.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the co-defendants, and each of them, named and unnamed in the complaint, were guilty of negligence in and about the matters complained of in the third amended complaint, which proximately caused or contributed to the damages or loss complained of, if any, and that the Court is requested to determine and allocate the percentage of negligence attributable to each of the co-defendants.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the third amended complaint and all causes of action contained therein are barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiff is estopped by action of law or by conduct from maintaining the action filed in this case.

---

Answer to Third Amended Complaint

\plascencia\07-162\jtapld.001
MST:mdg

15

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs consented to the acts complained of in the third amended complaint, and that said consent was both express and implied.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the action filed in this case is not maintainable under the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs in this case are guilty of "unclean hands" in the matters set forth in the third amended complaint, which conduct extinguishes the right to equitable relief in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that there is a lack of privity between plaintiff and defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint fails to state facts sufficient to form a basis for the granting of pre-judgment interest.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the third amended complaint fails to state facts sufficient to form a basis for the awarding of attorneys' fees.

### FOURTEENTH AFFIRMATIVE DEFENSEu

Defendant alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly known as "Proposition 51", Civil Code Sections 1431, 1431.1, 1431.2, 1431.3, 1431.4 and 1431.5) are applicable to this action to the extent either defendant or cross-complainant's injuries and damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than this answering defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that in actions such as this, seeking the imposition of punitive or

exemplary damages under California law, and the basis for an award of punitive damages, are essentially criminal in nature and entitles this answering defendant to the rights given to it in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 7, 15 and 17, and Article IV, Section 16, of the California Constitution. The procedures of California law in this action which deny such rights to defendant, including among other things (1) a requirement that the basis for the imposition of punitive damages be proven by plaintiff beyond a reasonable doubt, and (2) a unanimous jury verdict in jury trials, violate defendant's rights under such constitutional provisions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges the application to this answering defendant in this action of Civil Code Section 3294 violates said defendant's rights guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 7, 15 and 17 of the California Constitution by, among other things, not limiting the discretion of the trier of fact as to the amount of punitive damages which may be awarded.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges the application to this answering defendant in this action of Civil Code Section 3294 violates said defendant's rights to equal protection of the law and to be free of cruel and unusual punishment and excessive fines guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 7, 16 and 17 of the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges the provisions of California law limiting the amount of punitive damages which may be awarded in specific type of cases while allowing unlimited punitive damages for other tortious conduct constitutes impermissible discrimination against those subject to unlimited punitive damages awarded, such as this answering defendant, and in favor of those defendants not subject to unlimited punitive awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth

Amendments to the United States Constitution, and Article I, Section 7, and Article IV, Section 16, of the California Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the conduct alleged in plaintiffs' complaint, purportedly undertaken by defendant, which this answering defendant denies, is protected conduct under the First and Fourteenth Amendments to the United States Constitution, and Article I, Section 2, of the California Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

This defendant is informed and believes and thereon alleges that plaintiffs did not rely upon any representations made by this defendant, and therefore, any injuries, losses or damages complained of by plaintiffs, if any there were, were not occasioned by any representations made by this defendant.

WHEREFORE, Defendant LENDING 1st MORTGAGE, LLC fka LENDING 1st MORTGAGE prays for judgment against plaintiffs and, if so found, all Class members, as follows:

1. That plaintiffs and, if so found, all Class members, take nothing by virtue of the Third Amended Complaint herein;

2. That this answering defendant be dismissed and given judgment for costs incurred herein; and

3. For such other and further relief as to the court deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

DATED: July 31, 2008

ERICKSEN, ARBUTHNOT, KILDUFF,
DAY & LINDSTROM, INC.

By: /S/ _____
J. THOMAS ALDRICH
Attorneys for Defendant, LENDING 1st MORTGAGE, LLC fka LENDING 1st MORTGAGE

Answer to Third Amended Complaint

\plascencia\07-162\jtapld.001
MST:mdg