1  MARK S. TRATTEN (SBN 119330)
   J. THOMAS ALDRICH (SBN 216695)
2  ERICKSEN ARBUTHNOT
   Attorneys at Law
3  100 Howe Avenue, Suite 110 South
   Sacramento, CA   (95825-8201)
4  (916) 483-5181 Telephone

5

6  Attorneys for Defendant, LENDING 1st MORTGAGE, LLC
   fka LENDING 1st MORTGAGE
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA
                          Oakland Division
10

11 | ARMANDO PLASCENCIA and MELANIA ) | CASE NO.  C-07-4485 CW
   | PLASCENCIA, individually and on behalf of ) |
12 | all others similarly situated,            ) | LENDING 1ST MORTGAGE'S
   |                                           ) | OPPOSITION TO MOTION FOR
13 |             Plaintiffs,                   ) | CLASS CERTIFICATION
   |                                           ) |
14 | v.                                        ) |
   |                                           ) |
15 | LENDING 1st MORTGAGE and LENDING          ) |
   | 1st MORTGAGE, LLC, and DOES 1 through     ) |
16 | 10, inclusive,                            ) |
   |                                           ) |
17 |             Defendants.                   ) |

28 BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. ii

INTRODUCTION ........................................................... 1

STATEMENT OF FACTS .................................................... 1

ARGUMENT ............................................................... 2

I.    THE PLASCENCIAS HAVE NO STANDING TO SEEK CLASS CERTIFICATION BECAUSE THEY CAN SHOW NEITHER REDRESSABILITY NOR TRACEABILITY. ............................. 2

    A.    The Plascencias cannot show redressability because their claims are barred by the statute of limitations and because they refinanced their loans. ........... 2

    B.    Furthermore, the Plascencias' claims lack traceability because they relied on the statements of the brokers and not the documents themselves. ................ 4

II.    THE PLASCENCIAS HAVE NOT MET THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23. ................................................. 5

    A.    The Plascencias cannot meet the typicality requirement for class certification under Federal Rule of Civil Procedure 23(a) because the claims are subject to defenses unique to each putative member. ............................................ 6

        1.    The Plascencias do not share common questions with the putative class under the Truth-in-Lending Act claims because of individual issues of reliance, the statute of limitations, and refinancing. ........................................... 6

        2.    The Plascencias claim for fraudulent omissions similarly fail because they cannot show justifiable reliance or causation. ................................... 7

    B.    Plaintiffs have not met the requirements for class certification under Federal Rule of Civil Procedure 23(b)(2) because damages issues predominate. .............. 8

    C.    The Plascencias have not and cannot meet the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3) because questions affecting their claims predominate over questions common to all class members. ............................................................ 9

CONCLUSION ............................................................ 10

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

# TABLE OF AUTHORITIES

**Federal Cases**

Supreme Court

*E. Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395 (1977) .................... 3, 6

*Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982) ............................. 3, 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................ 2, 4

Court Of Appeals

*Cal. Rural Legal Assistance, Inc. v. Legal Services Corp.*, 917 F.2d 1171 (9th Cir. 1990) ..... 6

*King v. California*, 784 F.2d 910 (9th Cir. 1986) .................................... 4, 7

*Gold Country Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) ..................... 6

*Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 917 (8th Cir. 2000) ................. 6

*Poulos v Caesars World, Inc.*, 379 F.3d 654 (9th Cir. 2004) ........................... 7-8

District Court

*Dash v. FirstPlus Home Loan Trust*, 248 F. Supp. 2d 489 (M.D.N.C., 2003) ............... 3

*Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 241 (C.D. Cal. 2006) ....................... 9

*Jordan v. Paul Fin., LLC*, 2009 U.S. Dist. LEXIS 7592 (N.D. Cal. 2009) ................ 3, 4

*Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246 (N.D. Cal. 1978) ................... 6

*Wiegele v. FedEx Ground Package Sys.*, 2008 U.S. Dist. Lexis 10246 (SD Cal. 2008) ...... 8-9

**Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 23 ................................................ 5, 8

## INTRODUCTION

Plaintiffs Armando and Melania Plascencia (hereinafter the Plascencias) sued Lending 1st Mortgage and EMC Mortgage alleging violations of federal, state and common law regarding a loan they entered into with Lending 1st. After the loan was entered into, Lending 1st sold it to EMC Mortgage where it was serviced. The Plascencias seek certification of a class for others similarly situated.

## STATEMENT OF FACTS

On May 20, 2006, Plaintiffs Armando and Melania Plascencia signed documents securing a loan through Defendant Lending 1st Mortgage. Third Amend. Compl. Ex. 1. The Plascencias spoke with a man only identified as "Jose" at Pacific Mortgage and Lending, a broker not party to this suit. Aldrich Decl. Ex. B, 22:1-6. Among the documents that they signed were a Truth-In-Lending Act Disclosure Statement, an Adjustable Rate Note, a Deed of Trust and attached Riders, and an Adjustable Rate Program Disclosure. Aldrich Decl., Ex. C-4, C-5, C-6, C-7. While they signed these documents, the Plascencias testified that they did not read them or, at most, quickly glanced through them. Aldrich Decl. Ex. A, 44:2-3, 45:1-3, 45:25-46:3, 49:8-9, 50:12-14; Ex. B, 33:9-12, 40:17-19, 41:7-9. Instead, they relied on the statements made by an unidentified man that brought the documents to their house for signature. Aldrich Decl. Ex. A, 44:9-24, 45:25-46:3, 50:12-14, 18-21. At no time did the Plascencias negotiate directly with Lending 1st Mortgage. Lending 1st never dealt directly with consumers. Lombardi Decl. ¶ 3. All business was done through independent brokers. Lombardi Decl. ¶ 3. Lending 1st ceased operation on December 31, 2007. Lombardi Decl. ¶ 2.

Ater the loan was entered into, the Plascencias received their first statement on July 21, 2006. Aldrich Decl. Ex. A, 55:4-24; Ex. C-9, p. EMC/AMP 0286. They received a second statement dated July 31, 2006 within the first week of August, 2006. Aldrich Decl. Ex. A, 56:7-16; Ex. B, 45:9-21. This statement shows an interest rate of 7.7500%, a principal balance of $395,292.12, and principal paid as -$292.12. Aldrich Decl. Ex. C-9, p. EMC/AMP 0282. It also shows that the Plascencias' prior transaction on July 30, 2006 added $1,233.43 to the principal balance. Aldrich Decl. Ex. C-9,

p. EMC/AMP 0282. Armando Plascencia reviewed these statements for the first three months that they arrived. Aldrich Decl. Ex. A, 55:4-14. Melania Plascencia claims that she did not review the statements until the monthly amount was to be paid. Aldrich Decl. Ex. B, 45:24-25 - 46:1-7. Plaintiffs eventually refinanced their loan with Countrywide. Aldrich Decl. Ex. B, 42:24-25 - 46:1-7, 56:9-10, 16-20; Ex C-13.

The Plascencias filed suit on August 27, 2007 alleging violations of the Truth-in-Lending Act, California Business and Professions Code section 17200, fraudulent omissions, breach of contract, and tortious breach of the covenant of good faith and fair dealing seeking class certification, actual damages, compensatory damages, consequential damages, punitive damages, rescission, restitution, restitutionary disgorgement of profits, interest, declaratory relief, and attorneys' fees and costs.[1] They now move for class certification. Lending 1st Mortgage hereby opposes that motion and joins in the opposition filed by EMC Mortgage.

## ARGUMENT

**I.  THE PLASCENCIAS HAVE NO STANDING TO SEEK CLASS CERTIFICATION BECAUSE THEY CAN SHOW NEITHER REDRESSABILITY NOR TRACEABILITY.**

The Plascencias Motion for Class Certification must fail because they have shown neither redressability nor traceability, two requirements for standing. The minimum standing requirements are a concrete and particularized, actual or imminent injury, traceability of the injury to the challenged action, and redressability by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The Plascencias can show neither redressability nor traceability.

**A.  The Plascencias cannot show redressability because their claims are barred by the statute of limitations and because they refinanced their loans.**

The Plascencias lack standing to seek class certification because their claims are barred by the statute of limitations and because the Plascencias refinanced their loan. Plaintiffs seeking to

---

[1] In ruling on a motion to dismiss, this court dismissed the Plascencias' claim for rescission because the Plascencias refinanced their home loan. The Court also dismissed the breach of contract and breach of the covenant of good faith and fair dealing

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

2

represent a class "must be part of the class and 'possess the same interest and suffer the same injury' as the class members". *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982)(quoting *E. Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403). The redressability requirement "assures the effectiveness of judicial involvement. Plaintiffs must show that it is likely, not merely speculative, that a favorable decision will remedy the injury." *Dash v. FirstPlus Home Loan Trust*, 248 F. Supp. 2d 489, 502 (M.D.N.C., 2003). Where plaintiffs claims may be barred by the statute of limitations, they do not have standing to pursue class certification. *Jordan v. Paul Fin.*, LLC, 2009 U.S. Dist. LEXIS 7592, 10-11 (N.D. Cal. 2009). In *Jordan*, the plaintiff asserted claims nearly identical to those in this case. Plaintiff testified at deposition that he discovered the negative amortization on his loan in April or May, 2006, roughly 16 to 17 months before filing suit. *Id*. The court found that his TILA claims were barred by the statute of limitations. *Id*. As a result, the court found that the plaintiff did not have standing to pursue class certification for the TILA claims. *Id*.

The Plascencias' claims suffer the same issues as those of the *Jordan* plaintiffs. They argue that their complaint was timely because the statute of limitations was equitably tolled by failure to make the required disclosures. (See, e.g. Plaintiffs' Opposition to Motion to Dismiss d. 9/4/08, p. 7.) The Plascencias obtained their loan on May 20, 2006. Third Amend. Compl., Ex. 1. They started receiving billing statements on or around July 21, 2006. Aldrich Decl. Ex. A, p. 55, ll. 4-24, Ex. C-9, p. EMC/AMP 0286. The Plascencias testified that they received a statement dated July 31, 2006 within the first week of August, 2006. Aldrich Decl. Ex. A, p. 56, ll. 7-16; Ex. B, p. 45, ll. 9-21. This statement lists an interest rate of 7.7500%, a principal balance of $395,292.12, and principal paid as -$292.12. Aldrich Decl. Ex. C-9, p. EMC/AMP 0282. It also shows that the Plascencias' prior transaction on July 30, 2006 added $1,233.43 to the principal balance. Aldrich Decl. Ex. C-9, p. EMC/AMP 0282. Armando Plascencia testified that when the statements arrived for the first three months he reviewed them. Aldrich Decl. Ex. A, p. 55, ll. 4-14. Melania Plascencia claimed that she did not review the statements until the monthly amount was to be paid. Aldrich Decl. Ex. B, p. 45, ll. 24-25 through p. 46, ll. 1-7. Nonetheless, when this statement was received in the first week of August, 2006, the Plascencias had a reasonable opportunity to determine that

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

their loan was gaining principal, that their interest rate was not the 1% they allegedly believed they had, that their payments were not paying off all of the interest. Thus, even with equitable tolling, the Plascencias had to file their complaint before the first week of August, 2007, not August 27, 2007. For these reasons, the Placencias have no standing to assert a class action because their claims are barred by the statute of limitations.

Even if the Plascencias claims were not time barred, the Court cannot provide them with the relief they seek. The Plascencias argue that they seek to have the loans restructured so that allegedly improper negative amortization is applied to principal. Plaintiffs' Brief, p. 11, ll. 17-21. This remedy is not specifically provided for in the Truth-in-Lending Act, Regulation Z, or the Official Staff Commentary. Omission from the specific remedy provisions of the Truth-in-Lending Act shows that the remedy is not appropriate.

Moreover, the Plascencias testified that they refinanced the loan through Countrywide Mortgage. Aldrich Decl. Ex. B, 42:24-25 - 46:1-7; 56:9-10, 16-20; Ex. C-13. Thus, even if they prevail and the Court awards the relief they seek, neither Lending 1st Mortgage nor EMC can restructure their loan. There is no loan left to restructure. *King v. California*, 784 F.2d 910 (9th Cir. 1986).

For all of these reasons, the Plascencias lack standing because their claims cannot be redressed by the Court.

**B.  Furthermore, the Plascencias' claims lack traceability because they relied on the statements of the brokers and not the documents themselves.**

The Plascencias' claims fail for lack of traceability because they relied not on the documents but on the brokers with whom they negotiated the loan. A claim is traceable where there is "a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant." *Jordan*, 2009 US Dist. LEXIS at 12 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

The Plascencias cannot show traceability because they did not read the documents. Both Armando and Melania Plascencia testified that they did not read the documents before they signed

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.MST:mdg

4

them, at most simply "glancing" through occasional documents. Aldrich Decl. Ex. A, 44:2-3, 45:1-3, 45:25-46:3, 49:8-9, 50:12-14; Ex. B, 33:9-12, 40:17-19, 41:7-9. Armando Plascencia further testified that he was relying on information from an unidentified man who came to his house to have the papers signed. Aldrich Decl. Ex. A, 44:9-24, 45:25-46:3, 50:12-14, 18-21. Similarly, Melania Plascencia relied on what her husband told her or simply signed the documents when instructed by her husband. Aldrich Decl. Ex. B, 33:9-12. Furthermore, none of Lending 1st's employees dealt directly with consumers. Lombardi Decl. ¶ 3. Lending 1st secured borrowers through independent brokers and had no control over what information those brokers provided. Thus, the Plascencias cannot show that they relied on the statements in the documents in entering their loan. Instead they relied on a broker. Therefore, their injury is not traceable to allegedly inadequate or omitted disclosures in the loan documents. Instead, it is traceable only to statements made by a broker that was not an employee of Lending 1st Mortgage.

For all of the above reasons, the Plascencias have not shown redressability or traceability.

## II. THE PLASCENCIAS HAVE NOT MET THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23.

The Plascencias cannot meet the requirements for class certification under Federal Rule of Civil Procedure 23. In order to certify a class under Rule 23, a party must show that the class is so numerous that joinder is impracticable, there are questions of law or fact common to all members, the claims or defenses of the representative parties are typical of the class, and the representative parties will fairly and adequately protect the interests of the class. Fed. Rule Civ. Proc. 23(a). Additionally, a party must meet one of the requirements of Rule 23(b). The Plascencias claim that the defendants have acted on grounds generally applicable to the class and that questions of law or fact common to the class predominate over those of the representative parties under Federal Rule of Civil Procedure 23(b)(2) and (3). However, the Plascencias cannot show typicality. Moreover, they cannot show that questions common to the class predominate over questions concerning their own claims.

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

5

A. **The Plascencias cannot meet the typicality requirement for class certification under Federal Rule of Civil Procedure 23(a) because the claims are subject to defenses unique to each putative member.**

The Plascencias cannot meet the typicality requirement because each putative members claims are subject to unique defenses. To show typicality, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Gen. Tel. Co. Of the SW v. Falcon*, 457 U.S. 147, 156 (1982)(quoting *E. Texas Motor Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). While the named plaintiffs and class members do not have to have identical claims, the must share common questions of law or fact and have claims that are "sufficiently parallel to insure vigorous and full presentation of all claims for relief." *Cal. Rural Legal Assistance, Inc. v. Legal Services Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990)(quoting *Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246, 257 (N.D. Cal. 1978)).

1. The Plascencias do not share common questions with the putative class under the Truth-in-Lending Act claims because of individual issues of reliance, the statute of limitations, and refinancing.

The Plascencias argue that there are common questions of law or fact and ignore how their individual claims show that there are clearly significant individual questions for each member. In fact, individual claims will predominate any questions of law and fact that may be common to the class. The Plascencias cannot recover actual damages in this case. In order to recover actual damages under the Truth-in-Lending Act, the plaintiff must show that he read the Truth-in-Lending Act disclosures; he understood the disclosures; had the disclosures been accurate, he would not have entered that agreement; and that he would have obtained a different agreement. *Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 917 (8th Cir. 2000); *Gold Country Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002). The Plascencias testified that they did not read the documents that they signed. Aldrich Decl. Ex A, 44:2-3, 45:1-3, 45:25-46:3, 49:8-9, 50:12-14; Ex B, 33:9-12, 40:17-19, 41:7-9. Instead, they relied on the statements of the broker and his agent. Aldrich Decl. Ex. A, 44:9-24, 45:25-46:3, 50:12-14, 18-21, Ex. B, 33:9-12. . Thus, they could not have relied on the documents in making their decision. While the Plascencias' claims for actual damages are barred

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

6

by the statute of limitations, each member's claim must be examined to see if reliance bars any claims for actual damages under the Truth-in-Lending Act.

Furthermore, the Plascencias cannot get rescission of their mortgage. As this Court already found, rescission is barred under *King v. California*, 784 F.2d 910 (9th Cir. 1986) because the Plascencias refinanced their loan. Order Granting in Part EMC Mortgage Corp.'s Motion to Dismiss, pp. 8-9 (docket number 84). While the Plascencias cannot get rescission, each individual's claim must be examined to see if rescission is available.

Similarly, the Plascencias cannot restructure their loan as they claim to seek. As previously argued, the Truth-in-Lending Act does not provide for such as remedy. Additionally, as the *King* court stated, the loan cannot be rescinded because there is nothing to rescind. *King*, 784 F.2d at 913. Applying the same logic to the remedy the Plascencias seek, the loan cannot be restructured because there is nothing to restructure. Countrywide now services the loan under their own terms. Neither Lending 1st nor EMC can provide the relief the Plascencias seek. Each member's claims will have to be examined to determine whether a loan exists to restructure if restructuring is even allowed under the Truth-in-Lending Act.

As it is with the Plascencias, so to may it be with the putative class members. Plaintiffs seek to make class members of every one who obtained an Option ARM loan through Lending 1st without consideration for whether the remedies they seek can be provided to the individual members. Like the Plascencias, many members may have refinanced their loans with other companies and such issues will have to be explored for each individual member. Additionally, each putative member may be subject to exclusion under the statute of limitations or may not have read the documents they signed, instead relying on a broker. Thus, the Plascencias' individual issues predominate over issues common to the putative class.

2. <u>The Plascencias claim for fraudulent omissions similarly fail because they cannot show justifiable reliance or causation.</u>

Contrary to their argument, the Plascencias are not afforded a presumption of reliance for a fraudulent omissions claim simply because they labeled the claim as such. In *Poulos v Caesars*

---

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

7

*World, Inc.*, 379 F.3d 654 (9th Cir. 2004), the plaintiff class representatives argued that they were entitled to a presumption of reliance for statements made on labels for video poker machines. However, the court found that the claims were of affirmative misrepresentation or "'mixed claims' -- claims that, in any event, would not be entitled to the presumption." *Id.* at 666.

The Plascencias claims are similarly claims of affirmative misrepresentation not omission. They argue that material facts were "omitted" because the loan documents "provide confusing and seemingly contradictory information". Plaintiffs Brief, p. 19, ll. 21-24 (citing the Court). The Third Amended Complaint further shows that this is a misrepresentation claim, not an omission claim. Plaintiffs claim that the statement in the Note that monthly payments will be applied to principal and interest is false and that the payment rate was not sufficient to pay principal and interest. Third Amend. Compl. ¶ 112. If true, which Lending 1st denies, this does not allege an omission but a misrepresentation. Similarly, the Plascencias allege that negative amortization, while mentioned and defined, was not disclosed as an absolute certainty. Third Amend. Compl. ¶ 113. Again, this is an alleged misrepresentation not an omission because negative amortization was disclosed. The Plascencias further allege that the disclosures did not state that the initial interest rate was discounted. Third Amend. Compl. ¶ 117. This claim is not supported because documents that the Plascencias signed state that the interest rate may be discounted. (See, e.g. Aldrich Decl. Ex. C-7.)

Even if the Plascencias were entitled to a presumption of reliance, it has been rebutted. As argued supra, the Plascencias testified that they did not read or rely on the documents they signed. Instead, they relied on the brokers. Thus, they cannot show that they justifiably relied on the documents in entering into the loan. For these reasons, individual questions predominate as to the Plascencias' fraudulent omissions claims.

**B.     Plaintiffs have not met the requirements for class certification under Federal Rule of Civil Procedure 23(b)(2) because damages issues predominate.**

The Plascencias' claims also fail because an injunction cannot be their primary goal. Under Federal Rule of Civil Procedure 23(b)(2), a plaintiff must show that the party opposing class certification acted or refused to act on grounds generally applicable to the class. *Wiegele v. FedEx*

---

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

8

*Ground Package Sys.*, 2008 U.S. Dist. Lexis 10246, 17-18 (S.D. Cal. 2008). Rule 23(b)(2) applies primarily to suits for injunctive relief but claims for monetary damages may be appropriate where they are secondary to the injunctive or declaratory relief. *Id.* at 18. In *Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 241 (C.D. Cal. 2006), plaintiffs were former employees who sued to enjoin inappropriate employment practices. The court held that, as former employees, the named plaintiffs could not be primarily concerned with getting an injunction. *Id.* at 250. Instead, a damages award would be their primary interest. *Id.*

Similarly, the Plascencias cannot be interested in getting final injunctive or declaratory relief. While they have dropped their pursuit of a preliminary injunction, the Plascencias are no longer bound by the terms of the loan they entered into with Lending 1st. They refinanced and obtained new terms which cannot be enjoined unless the current lender is made a party to the suit. They are in no imminent threat of being foreclosed on or having their loans "recast" by either defendant. Thus, the only avenue left is damages which they can try and argue are not barred by the statute of limitations. For these reasons, injunctive or declaratory relief cannot be the main remedy sought by the Plascencias.

**C. The Plascencias have not and cannot meet the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3) because questions affecting their claims predominate over questions common to all class members.**

The Plascencias cannot show that questions of law and fact individual to them do not predominate over questions common to the putative class. Under Federal Rule of Civil Procedure 23(b)(3), a plaintiff must show that common questions of law and fact predominate over those affecting individual members of the class. *Jiminez*, 238 F.R.D. at 250.

As argued *supra*, the Plascencias have numerous substantive questions that predominate their claims. They did not read or rely on the documents that were unclear or confusing. They relied instead on oral representations of brokers that were not agents or employees of Lending 1st. They filed their lawsuit well beyond the statute of limitations for recovering actual damages. They refinanced their loan with another company not party to this action thereby cutting off any right to restructure or rescind the loan. Before they address any alleged problems with the disclosures, the

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.
MST:mdg

Plascencias will have to address these issues. For these reasons, the individual issues presented by their claims will predominate any factual or legal issues common to the class they purport to represent.

## CONCLUSION

For all of the foregoing reasons, Lending 1st Mortgage respectfully requests that the Court deny the Plascencias' Motion for Class Certification.

DATED: February 19, 2009

                                      ERICKSEN ARBUTHNOT

By: *J. Thomas Aldrich*
     J. THOMAS ALDRICH
     Attorneys for Defendant, LENDING 1st MORTGAGE, LLC fka LENDING 1st MORTGAGE

---

BRIEF IN OPPOSITION TO CLASS CERTIFICATION

\plascencia\07-162\jtapld.MST:mdg

10