IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMANDO PLASCENCIA and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

LENDING 1st MORTGAGE; LENDING 1st MORTGAGE, LLC; EMC MORTGAGE CORPORATION; and DOES 1 through 10 inclusive,

    Defendants.
_____/

No. C 07-04485 CW

ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL (Docket Nos. 206, 212 and 223)

    Plaintiffs Armando Plascencia and Melania Plascencia move for leave to file under seal documents related to their motion to amend the class certification order and their opposition to Defendant EMC Mortgage Corporation's motion to vacate the hearing on their motion to amend. Plaintiffs maintain that these documents contain information that EMC designated as confidential. EMC moves for leave to file under seal documents related to its opposition to Plaintiffs' motion to amend.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material

is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  <u>See</u> Civil L.R. 79-5(a).  If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable.  Civ. Local R. 79-5(d).

EMC did not file declarations in support of Plaintiffs' motions to seal, which implicate information from EMC's Sellers Guide.  In its administrative motion, EMC also seeks leave to file under seal information from its Sellers Guide, which it claims is confidential.  This suggests that EMC's failure to file declarations supporting Plaintiffs' administrative motions could have been an oversight.

The declaration EMC filed in support of its motion to seal is insufficient to justify granting its motion or those of Plaintiffs.  In it, EMC simply cites the parties' stipulated protective order and asserts that the information is confidential.  Under Civil Local Rule 79-5(a), this recitation is inadequate.

Accordingly, the Court DENIES without prejudice Plaintiffs' motions to seal (Docket Nos. 206 and 212) and EMC's motion to seal (Docket No. 223).  EMC shall review Plaintiffs' motions to seal, determine whether they implicate sealable material and, if so, file a declaration concerning Plaintiffs' administrative motions within three days of the date of this Order.  In its declaration, EMC shall also offer an adequate basis to support its motion to seal; in the alternative, it may choose to withdraw its sealing request and file unredacted versions of its documents in the public record.  If EMC fails to file a declaration or unredacted versions of its

2

1  documents in the public record, the Court will not consider the
2  information EMC seeks to file under seal, which includes portions
3  of its opposition to Plaintiffs' motion to amend.
4      If EMC does not file a timely supporting declaration,
5  Plaintiffs shall file unredacted versions of their documents in the
6  public record.
7      IT IS SO ORDERED.

9  Dated: 11/2/2010

   CLAUDIA WILKEN
   United States District Judge