IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PLASCENCIA, et al., | No. C 07-4485 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AND CLARIFYING CLASS CERTIFICATION ORDER (Docket No. 267) |
| v. | |
| LENDING 1ST MORTGAGE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs Armando and Melania Plascencia move for relief
from a magistrate judge's August 5, 2011 Order Granting Discovery
Motion Contained in Joint Letter, allowing Defendants Lending 1st
Mortgage, LLC and EMC Mortgage Corporation to take up to fifteen
depositions from absent class members. Defendants oppose the
motion. Having considered the papers filed by the parties, the
Court GRANTS Plaintiffs' motion and overrules the magistrate
judge's order for depositions of absent class members. The Court
also clarifies its August 21, 2009 Order Granting in Part and
Denying in Part Plaintiffs' Motion to Certify Class (Class
Certification Order).

Plaintiffs charge Defendants with violating the federal Truth
in Lending Act (TILA) and California statutory and common law in
connection with the sale of certain residential mortgage products.
They claim that Defendants' loan documents did not disclose that

making only the minimum monthly payments would result in negative

amortization and that the one-percent "teaser" interest rate

Defendants gave at the start of the loan would remain in effect

for only a short period of time.

On June 24, 2011, Defendants and Plaintiffs submitted a joint

letter to a magistrate judge.  See Joint Letter Brief Regarding

Discovery Dispute, June 24, 2011, Docket No. 254.  In their

letter, the parties explained their dispute over Defendants'

request to serve interrogatories on all class members and to

depose a limited number of class members.

Discovery from absent class members is not ordinarily

allowed.  McPhail v. First Command Fin. Planning, Inc., 251 F.R.D.

514, 517 (S.D. Cal. 2008).  Nonetheless, the magistrate judge

permitted Defendants to take up to fifteen depositions of absent

class members of Defendants' choosing.  Order Granting Discovery

Motion Contained in Joint Letter 1.  The magistrate judge made

clear that his ruling was based on certain language in the Court's

Class Certification Order.  See Hr'g Tr. 1:14-22, July 29, 2011,

Docket No. 258; Hr'g Tr. 12:22-13:6, 14:10-12, Aug. 5, 2011,

Docket No. 263.

In the Class Certification Order, this Court held that

individual questions would not predominate regarding the reliance

element of Plaintiffs' common law fraud claim, because absent

class members' reliance may be presumed in the case of material

fraudulent omissions.  The Court cited the United States Supreme

**United States District Court**
For the Northern District of California

1   Court's decision in <u>Affiliated Ute Citizens of Utah v. United</u>

2   <u>States</u>, 406 U.S. 128 (1972).

3        The citation to <u>Ute</u> was incorrect.  The California Supreme

4   Court has held that the presumption of reliance established in <u>Ute</u>

5   does not apply to fraud claims under California common law.

6   <u>Mirkin v. Wasserman</u>, 5 Cal. 4th 1082, 1093 (1993).  Nonetheless,

7   California courts have held that absent class members are entitled

8   to a similar presumption of reliance for state common law fraud

9   claims in certain circumstances.  First, a fraudulent omission

10  must be material, such that "a reasonable man would have relied

11  upon" the alleged omissions.  <u>Vasquez v. Superior Court</u>, 4 Cal. 3d

12  800, 814 n.9 (1971).  Here, a jury could find on a class-wide

13  basis that a reasonable person would have wanted to know that the

14  initial one percent rate was ephemeral and that negative

15  amortization was certain to occur if only the minimum payments

16  were made.  The jury thus could find that class members would not

17  have taken out their loans if Defendants had clearly disclosed

18  this information.

19       Second, all class members must have received the same

20  representations with allegedly fraudulent omissions; that is, the

21  representations with misleading omissions must have been uniformly

22  given to class members.  See <u>Mirkin</u>, 5 Cal. 4th at 1093-94

23  (refusing to apply the class-wide presumption of reliance

24  established in <u>Occidental Land, Inc. v. Superior Court</u>, 18 Cal. 3d

25  355 (1976), and <u>Vasquez</u> in a fraudulent omissions case where

**United States District Court**
For the Northern District of California

1  plaintiffs had not "pled that the defendants had made identical

2  representations to each class member").  Defendants here are

3  alleged to have acted in a uniform way toward all class members,

4  by supplying class members with identical loan documents that

5  failed to state in clear language material terms of the loan.

6      Finally, the class representatives must establish "actual

7  reliance."  <u>Iorio v. Allianz Life Ins. Co. of N. Am.</u>, 2008 U.S.

8  Dist. LEXIS 118344, at *79-80 (S.D. Cal.).  <u>See</u> <u>Mirkin</u>, 5 Cal. 4th

9  at 1095 (citing <u>Vasquez</u>, 4 Cal. 3d at 814-15; <u>Occidental</u>, 18 Cal.

10  3d at 362-63).  The named Plaintiffs have alleged that they in

11  fact did rely upon Defendants' omissions.

12      In discussing the presumption of reliance, this Court stated,

13  "Defendants, of course, may attempt to rebut [the presumption of

14  reliance] at trial by introducing evidence that particular class

15  members were either aware of the loan terms or would have

16  purchased the loans even if the terms were clearly disclosed in

17  the documents."  Class Certification Order 20.  Defendants may

18  defeat the presumption by showing that the incomplete disclosures

19  were not uniform or would not be material to a reasonable person.

20  They may also rebut the presumption by introducing evidence

21  specific to the named Plaintiffs.  <u>See</u> <u>Quezada</u>, 2009 U.S. Dist.

22  LEXIS 122537, at *15 (noting that defendants have a unique defense

23  against the claims of the named plaintiff that they do not have

24  against other members of the class in that "defendants can argue

25  that plaintiff would not have behaved any differently had the

4

**United States District Court**
For the Northern District of California

omitted information been disclosed in the loan documents because

she never read the loan documents or relied on them when she

decided to enter the loan").

However, the class-wide presumption cannot be rebutted by

showing that individual absent class members did not rely upon the

fraudulent omissions.  The presumption could be rebutted on a

class-wide basis only if there is evidence that can be properly

generalized to the class as a whole.  See, e.g., Iorio, 2008 U.S.

Dist. LEXIS 118344, at *93-94. (rejecting defendant's survey

evidence offered to rebut the presumption of reliance because

defendant could not demonstrate that the survey was performed "in

accordance with generally accepted survey principles and that the

results were used in a statistically correct manner").

The magistrate judge allowed Defendants to depose absent

class members based on the language of the Class Certification

Order quoted above.  This sentence was not well-phrased and could

be read to say that Defendants could attempt to rebut the class-

wide presumption of reliance by introducing evidence that certain

unnamed class members did not rely on the alleged omissions when

entering into the loans.  Defendants can proffer such evidence

only with respect to the particular class members who are named as

the class representatives.

A magistrate judge's order on a non-dispositive pre-trial

matter shall be modified or set aside only if the reviewing

district court finds that the order is clearly erroneous or

contrary to law.  Fed. R. Civ. P. 72(a).  An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

The magistrate judge made a thoughtful and understandable decision based on the language of this Court's prior order.  However, a mistake was committed because of the lack of clarity in the prior order.  The depositions ordered would not be statistically representative of the class as a whole and thus this discovery is not calculated to uncover relevant evidence.

CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiffs' motion for relief from the magistrate judge's order (Docket No. 267) and overrules the magistrate judge's order that Defendants be allowed to take fifteen depositions from absent class members.

IT IS SO ORDERED.

Dated:  11/28/2011

CLAUDIA WILKEN
United States District Judge

cc: JCS

6