IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PLASCENCIA; and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LENDING 1ST MORTGAGE; LENDING 1ST MORTGAGE, LLC; EMC MORTGAGE CORPORATION; and DOES 1-10,<br><br>    Defendants. | No. C 07-4485 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (Docket No. 350) |

On July 2, 2012, Plaintiffs Armando and Melania Plascencia moved to file under seal their unredacted motion for summary judgment and Exhibits A through K to the declaration of Mark R. Cuker in support of their motion for summary judgment. Plaintiffs have filed a redacted version of their motion for summary judgment in the public record. See Docket No. 349. In their motion to seal, Plaintiffs state that the materials that they seek to seal have been "designated 'Confidential' under the terms of the Stipulated Protective Order and/or contain information from said materials." Mot. at 2. Plaintiffs represent that they do not believe that the information in Exhibits A through K is sealable. Berns Decl. ¶ 4.

On July 9, 2012, Defendant EMC Mortgage LLC, formerly known as EMC Mortgage Corporation, filed a declaration in support of the motion to seal. See Overbey Decl., Docket No. 354. EMC withdraws

1  its confidentiality designation for Exhibits B, C, and E through
2  J. Overbey Decl. ¶ 4.  EMC states that Exhibits A, D and K

> are internal EMC documents or documents produced by EMC in this case containing confidential borrower information regarding Plaintiffs, including their loan number, credit scores, loan amount, and details regarding their loan terms, and confidential information regarding the class members, including their names, loan amounts, and details and data regarding their loans, which is [sic] protected by federal law under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801(a); 17 C.F.R. § 248.3(t)(1)(i)-(ii) & (u)(2)(i)(C), and by California law.

Id. at ¶ 5.  EMC asks that these exhibits and the portions of Plaintiffs' motion that refer to them be placed under seal.  Id.

Plaintiffs' filings are connected to a dispositive motion. Because Defendants designated the documents at issue as confidential, they must file a declaration establishing that the documents are sealable.  Civil Local Rule 79-5(d).  To do so, Defendants "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).

Exhibits A and K contain information concerning Plaintiffs' loan only and not that of absent class members.  Although the cited authority prevents Defendants from disclosing this

2

information publicly without Plaintiffs' consent, EMC cites no authority or compelling reason that would prevent Plaintiffs from publicly disclosing this information themselves.  Plaintiffs have voluntarily offered these exhibits into evidence and do not support filing them under seal.

EMC has established compelling reasons to support the sealing of Exhibit D and references in the motion thereto.  This exhibit contains personally identifiable financial information of absent class members, including their names and loan amounts.  The motion contains descriptions of class members based on this exhibit.  See 17 C.F.R. § 248.3(t)(1)(ii) (defining "nonpublic personal information" to include "any . . . description . . . of consumers . . . that is derived using any personally identifiable financial information that is not publicly available information").

Accordingly, Plaintiffs' motion for leave to file documents under seal is GRANTED in part and DENIED in part (Docket No. 350).  Within four days of the date of this Order, Plaintiffs shall file their unredacted motion and Exhibit D to the Cuker declaration under seal and Exhibits A through C and E through K to the Cuker declaration in the public record.  By that date, Plaintiffs shall also refile their redacted motion for summary judgment, removing any redactions related to Exhibits A through C and E through K to the Cuker declaration.

IT IS SO ORDERED.

Dated: 7/20/2012

CLAUDIA WILKEN
United States District Judge

3