**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@bernsweiss.com
20700 Ventura Boulevard, Suite 140
Woodland Hills, CA 91364
Tel.: (818) 961-2000
Fax: (818) 936-0232

**WILLIAMS CUKER BEREZOFSKY**
Mark R. Cuker (admitted *pro hac vice*)
mcuker@wcblegal.com
Michael J. Quirk (admitted *pro hac vice*)
mquirk@wcblegal.com
1515 Market Street, Suite 1300
Philadelphia, PA 19102
Tel.: (215) 557-0099
Fax: (215) 557-0673

**SMOGER & ASSOCIATES**
Gerson H. Smoger (SBN 79196)
gerson@texasinjurylaw.com
Steven M. Bronson (SBN 246751)
bronsonlaw@gmail.com
3175 Monterey Blvd
Oakland, CA, 94602-3560
Tel.:   (510) 531-4529
Fax:   (510) 531-4377

**ARBOGAST BOWEN LLP**
David M. Arbogast (SBN 167571)
david@arbogastbowen.com
Chumahan B. Bowen (SBN 238168)
cbowen@arbogastbowen.com
11400 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064
Tel.: (310) 477-7200
Fax: (310) 943-2309

*[Additional counsel listed on signature page]*

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| ARMANDO PLASCENCIA and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>LENDING 1ST MORTGAGE, LENDING 1ST MORTGAGE LLC, EMC MORTGAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>                      Defendants. | **Case No.  4:07-cv-04485-CW**<br><br>CLASS ACTION<br><br>**AMENDED [PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT**<br><br>Courtroom:    2 – 4th Floor<br>Judge:           Hon. Claudia Wilken<br>Complaint Filed:  August 29, 2007<br>Trial Date:       November 5, 2012 |

# ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT

The Court has considered the Parties' *Joint Motion for Preliminary Approval of Partial Class Action Settlement* (the "Motion") and the arguments presented at the hearing on the Motion. In connection with the Motion, the Court finds that:

1. On or about August 29, 2007, Plaintiffs Armando Plascencia and Melania Plascencia (the "Class Representatives"), on behalf of themselves and all others similarly situated, filed a complaint in the United States District Court for the Northern District of California (the "District Court") against Lending 1st Mortgage and Lending 1st Mortgage LLC (hereinafter, collectively, "Lending 1st") (the "Action"). On October 11, 2007, March 26, 2008, and July 1, 2008 the Class Representatives filed a First Amended Class Action Complaint (Doc. 5), Second Amended Class Action Complaint (Doc. 46), and Third Amended Class Action Complaint (Doc. 62), respectively, to refine their allegations and to add EMC Mortgage Corporation as a named defendant. The Third Amended Complaint is the operative complaint and is hereinafter referred to as the "Complaint."

2. On August 21, 2009, the Court entered an order granting in part and denying in part the Class Representatives' class certification motion (the "Class Certification Order") (Doc. 178), and certifying a Class to pursue claims for violations of Cal. Bus. & Prof. Code § 17200, *et seq.*, and common law fraud. On October 16, 2009, the Court entered a further order ("Class Definition Order") (Doc. 191) certifying the following Class:

> All individuals who, between August 29, 2003 and May 12, 2011, have or have had a Monthly Option ARM loan that: (a) was originated by LENDING 1st MORTGAGE and then sold or owned by LENDING 1st MORTGAGE or EMC MORTGAGE CORPORATION; (b) was secured by real property in the United States; and (c) was

originated or otherwise approved by Defendant LENDING 1st MORTGAGE within the State of California.

That Order appointed Plaintiffs Armando Plascencia and Melania Plascencia as the Class Representatives and the law firms of Smoger & Associates, Arbogast & Berns LLP,[1] Seeger Weiss LLP, and Williams Cuker Berezofsky as Class Counsel. On November 29, 2010, an order was entered appointing J. Mark Moore of Spiro Moss LLP[2] as an additional class counsel. (Doc. 246.)

3. Thereafter, after extensive arms' length negotiations, the Class Representatives and Lending 1st (collectively referred to as the "Parties") entered into an *Agreement and Stipulation of Partial Settlement of Class Action* (the " Settlement Agreement") memorializing the terms of the agreement between the Parties and subsequently filed the Settlement Agreement with the Court.[3]

4. On September 10, 2012, the Parties filed the Motion.

5. Epiq Class Action and Claims Solutions, Inc. (the "Settlement Administrator") is qualified to serve as the Settlement Administrator under the Settlement Agreement.

6. The terms of the Settlement Agreement appear to be within the range of possible approval as fair, reasonable, adequate and proper, cost-effective, and have been negotiated at arms' length.

7. The Court has considered the opposition filed by EMC and, regardless of whether it has standing to object, finds that its objections do not merit denial of this motion. The topics of the

---

[1] On November 1, 2011, Notices of Firm and Address Change and of Change of Firm Name were filed documenting the change of class counsel from "Arbogast & Berns LLP" to "Arbogast Bowen LLP" and "Berns Weiss LLP." (Documents 282, 283, and 284.)

[2] On April 10, 2012, a Notice of Change of Firm Name was filed documenting the change of class counsel's name from "Spiro Moss LLP" to "Spiro Moore LLP." (Doc. 335.)

[3] Defendant EMC Mortgage Corporation is not a party to this Settlement Agreement and remains a defendant in the Action. The Settlement Agreement is not intended to, and does not, release any claims against EMC.

1  declaration to be provided by Lending 1st to Plaintiffs do not appear necessarily to contradict the testimony given by Lending 1st's witness, Mr. Lombardi, previously.  Further, if Plaintiffs were to offer the declaration as evidence at a later date, EMC will have an opportunity to oppose the proffer, and if Plaintiffs were to call Mr. Lombardi as a witness, EMC will have an opportunity to cross-examine him.  In addition, to the extent that EMC argues that the Parties did not provide the Court with a copy of Lending 1st's insurance policy in order to assess the fairness of the proposed settlement amount, the Parties have since offered this into evidence.  In light of Lending 1st's limited financial resources, the settlement amount is within the range of possible approval as fair and reasonable.

8.     Therefore, the Settlement Agreement is preliminarily approved by the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

9.     Notice should be given to all the Class members, affording them the opportunity to object to the proposed Settlement Agreement.

10.    The contents of the *Notice of Proposed Settlement and Final Approval Hearing* attached hereto (the "Settlement Notice") meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).  The Settlement Notice (i) states the nature of the action and the issues and defenses; (ii) makes clear that the Settlement Agreement, if approved, will be binding on all Class members; (iii) summarizes the terms of the Settlement Agreement and the right of Class members to object to the Settlement Agreement and to appear by counsel at the hearing on final approval of the Settlement Agreement; and (iv) provides that more information is available from the Settlement Administrator upon request and is available on the Settlement Website.  Further, the Settlement Notice informs the Class members that the Settlement Agreement provides for the release of their Claims (as that term is defined in the Settlement Agreement).

11.    Notice to all Class members by bulk or standard United States mail, postage prepaid, at

the collateral property address for the primary borrower on the subject loan as listed in Lending 1st's books and records, complies with due process standards, Federal Rule of Civil Procedure 23, and is reasonable and is the best notice practicable under the circumstances.

12. The hearing on the final approval of the Settlement Agreement (the "Final Approval Hearing") should be held no earlier than 135 days after the entry of this Order so that Class members have sufficient time from the mailing of the Settlement Notice to secure further information regarding the relief sought in the Motion, or to object to the Settlement Agreement should they choose to do so, and to engage counsel to appear at the Final Approval Hearing.

13. The potential recipient of any unclaimed funds, The National Consumer Law Center ("NCLC"), appears to bear a substantial nexus to the mortgage disclosure claims at issue in this litigation and to benefit a group that is not too remote from the class members, whose property is located in the United States. See Dennis v. Kellogg Co., 697 F.3d 858, 865 (9th Cir. 2012). According to materials provided by NCLC, it is a national organization that has existed to protect the rights of consumers for over 40 years, is dedicated to promoting fairness and justice in the marketplace and assists financially distressed consumers in a number of ways, including by educating consumers, training attorneys and advocates, and providing technical assistance and case consultation services to lawyers representing these individuals. Further, NCLC is recognized nationally as a preeminent expert in consumer credit law and policy and has provided expertise in connection with significant legislation concerning consumer rights in mortgage lending and credit transactions, including the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Military Lending Act of 2006, the Home Ownership and Equity Protection Act of 1994, the Truth in Lending Act Amendments of 1995 and the Fair Debt Collection Practices Act.

14. Other good and sufficient cause exists for granting the relief requested in the Motion.

4
Amended [Proposed] Order Granting Joint Motion for Preliminary Approval of Partial Class Action Settlement
4:07-cv-04485-CW

THEREFORE, IT IS HEREBY ORDERED THAT:

A. The Settlement Agreement is preliminarily approved.

B. The content and form of the attached Settlement Notice and the plan proposed by the Parties for distributing the Settlement Notice are approved. The procedures by which Class members may object to the proposed Settlement Agreement, as set forth in the Settlement Agreement, are also approved. Prior to dissemination of the Class Notice, Class Counsel shall ensure that the relevant dates and information are entered into all blank spaces in the Class Notice, including those located on Pages 1, 3, 8, 9 and 11.

C. Epiq Class Action and Claims Solutions, Inc. is approved as the Settlement Administrator for the proposed Settlement Agreement. Class Counsel shall provide the Settlement Administrator with a copy of this Order within two (2) business days of when it is entered by the Court. The Settlement Administrator shall mail the Settlement Notice in the manner and at the times set forth in the Settlement Agreement.

D. Lending 1st shall ensure that the appropriate officials are provided with notice under the Class Action Fairness Act within ten calendar days of the date of this Order. Lending 1st shall file a declaration attesting that it has provided this notice, including the date on which it was sent, with the Joint Motion for Final Approval of the Settlement.

E. Class Counsel shall ensure that a Settlement Website, containing information about the Settlement Agreement, is established and accessible to Class members by the date on which the Settlement Administrator has mailed the Settlement Notice, and that the address for the website is included in the Settlement Notice. Class Counsel shall ensure that the website contains at least copies of the Settlement Agreement, the Motion for Preliminary Approval and the Class Notice, as well as information regarding how to contact Class Counsel and the Settlement Administrator. Class Counsel

shall also ensure that a copy of their Joint Motion for Final Approval of the Settlement, including any request for an incentive award to the Class Representatives, is placed on the website by the same date that it is filed with the Court.

F. Final Approval of the Settlement Agreement:

i. The Court shall conduct a Final Approval Hearing to determine the final approval of the Settlement Agreement on May 2, 2013 at 2:00 p.m. The purposes of the Final Approval Hearing are to determine (1) whether the proposed Settlement Agreement on the terms and conditions provided in the Settlement Agreement is fair to the proposed Class, reasonable and adequate; (2) whether the Released Claims (as defined in the Settlement Agreement) should be released and Lending 1st should be dismissed; and (3) whether the application for an incentive award to the Class Representatives for their role in bringing and participating in this litigation should be approved and, if so, in what amounts. The Court may adjourn or continue the Final Approval Hearing, and may continue interim deadlines provided herein, without further direct notice to the Class. However, if the Final Approval Hearing or any other interim deadline is changed, Class Counsel shall ensure that Notice thereof is placed onto the Settlement Website. The Class Notice shall direct any Class member who intends to appear at the Final Approval Hearing that they may visit the website or contact Class Counsel prior to the hearing to ensure that the hearing has not been adjourned or continued.

ii. The procedures for notifying Class members of their rights to object to the Settlement Agreement and the procedures for objecting to the proposed Settlement Agreement are approved. All written objections must be filed with the Clerk of the Court and served on the entities identified in the Settlement Notice, via first class United States mail postmarked no later than sixty (60) days after the date of the Settlement Notice, regardless of the address to which the Settlement

Notice was originally mailed.

        iii.    The written Objection must contain: (a) a statement of the Class member's objection, including the specific grounds for the objection and any other reasons why such Class member desires to be heard; (b) any legal support the Class member wishes to bring to the Court's attention; and (c) any evidence, documents or writing that such Class member wishes to introduce in support of the written Objection.

        iv.    The Parties' Joint Motion for Final Approval of the Settlement, including any request for an incentive award to the Class Representatives, must be filed with the Court by the earlier of the following dates: (1) fourteen (14) calendar days before the Objection deadline; or (2) thirty-five (35) calendar days before the Final Approval Hearing.

        v.    The Parties' Reply Memorandum addressing any Objections must be filed with the Court at least fourteen (14) calendar days before the Final Approval Hearing.

        vi.    All Class members, except for those who had previously filed a timely written Request for Exclusion in accordance with the Notice of Pendency of Class Action to exclude themselves from the Class, shall be bound by all orders, determinations, and judgments in the Action concerning the proposed Settlement Agreement.

    G.    In the event that the Court does not enter the final order (the "Final Approval Order") approving the Settlement Agreement, if the Final Order Date does not occur, or if the proposed Settlement Agreement is terminated for any reason whatsoever, then the Settlement Agreement shall become null and void; the Action as to Lending 1st may continue (with litigation to recommence as provided for therein); and any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated; and the parties may not make any references to or use of the Settlement Agreement, any orders, or any other documents related thereto.

H.	In aid of the Court's jurisdiction to implement and enforce the Settlement Agreement, the Class Representatives and all Class members shall be preliminarily enjoined and barred from commencing or prosecuting any claim against the Released Parties or action inconsistent with the Released Claims (as defined in the Settlement Agreement), whether directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state or federal court, or in any agency or other authority or forum wherever located. Nothing in this paragraph, however, shall be construed to prevent a Class member from presenting objections to the Court regarding the Settlement Agreement in accordance with this Order.

I.	The Court retains jurisdiction to construe, interpret, enforce, and implement the terms of the Settlement Agreement and this Order.  Any dispute regarding the Settlement Agreement will be presented to and resolved by the Court.

J.	Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any actions taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by any or against any of the Parties or the Released Parties of any wrongdoing, the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, or any legal or factual argument, contention or assertion, and the Parties deny any wrongdoing or liability on their part.  The execution and implementation of the Settlement Agreement or its terms shall not be, in any event, construed as, or deemed evidence of, an admission or concession as to Lending 1st's denials, defenses, or factual or legal positions, nor shall be offered or received in evidence in any action or proceeding against any party in court, administrative agency or other tribunal for any purpose whatsoever, except as may be necessary in a proceeding to enforce the terms of this Order and the Settlement Agreement; provided, however, that this Order and the Settlement Agreement may be filed in any action against

Lending 1st or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claims preclusion, issue preclusion or similar defense or counterclaim.

IT IS SO ORDERED.

Dated: December 28, 2012

HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE