**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Boulevard, Suite 140
Woodland Hills, CA 91364
Tel.: (818) 961-2000
Fax: (818) 936-0232

**SMOGER & ASSOCIATES**
Gerson H. Smoger (SBN 79196)
gerson@texasinjurylaw.com
Steven M. Bronson (SBN 246751)
bronsonlaw@gmail.com
3175 Monterey Blvd
Oakland, CA, 94602-3560
Tel.:   (510) 531-4529
Fax:   (510) 531-4377

**WILLIAMS CUKER BEREZOFSKY**
Mark R. Cuker (admitted *pro hac vice*)
mcuker@wcblegal.com
1515 Market Street, Suite 1300
Philadelphia, PA 19102
Tel.: (215) 557-0099
Fax: (215) 557-0673

**ARBOGAST BOWEN LLP**
David M. Arbogast (SBN 167571)
david@arbogastbowen.com
Chumahan B. Bowen (SBN 238168)
cbowen@arbogastbowen.com
11400 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064
Tel.: (310) 477-7200
Fax: (310) 943-2309

*[Additional counsel listed on signature page]*

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| ARMANDO PLASCENCIA and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENDING 1ST MORTGAGE, LENDING 1ST MORTGAGE LLC, EMC MORTGAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.  4:07-cv-04485-CW<br><br>CLASS ACTION<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**<br><br>Date:            May 2, 2013<br>Time:            2:00 p.m.<br>Location:      Courtroom 2-4th Floor<br>Judge:           Hon. Claudia Wilken<br><br>Complaint Filed:    August 29, 2007<br>Trial Date:             Vacated |

## ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT

The Court has considered the Joint Motion for Final Approval of Partial Class Action Settlement (the "Motion") filed by Class Representatives Armando Plascencia and Melania Plascencia (the "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendants Lending 1st Mortgage and Lending 1st Mortgage LLC (collectively "Lending 1st") (the Class Representatives and Lending 1st collectively as the "Parties"). In connection with the Motion, the Court finds that:

A. The Court entered its Order Granting Joint Motion for Preliminary Approval of Partial Class Action Settlement on December 28, 2012 (Doc. 429) (the "Preliminary Approval Order"), granting preliminary approval of the Agreement and Stipulation of Partial Settlement of Class Action between the Class Representatives and Lending 1st dated September 7, 2012, (the "Settlement Agreement") and approving the form and manner of notice of the Settlement Agreement and the deadline for filing objections for all Class members.

B. Due notice has been given to the Class of the terms of the proposed Settlement Agreement, the time, date and location of the final hearing to consider approval of the Settlement Agreement (the "Final Approval Hearing"), the right to object to the proposed Settlement Agreement and the right to appear in person or by counsel at the Final Approval Hearing; and no other and further notice is required, and such notice is deemed proper and sufficient under the circumstances.

C. The court held a hearing on May 2, 2013 at 2:00 p.m., to consider final approval of the Settlement Agreement, as well as all timely and valid objections received from Class members.

D. The terms of the Settlement Agreement are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23.

E. The Settlement Agreement was negotiated at arm's length and in good faith, and it is fair, equitable and in the best interests of the Class members and Lending 1st.

F. Other good and sufficient cause exists for granting the relief requested in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. This order ("Final Approval Order") incorporates and makes a part hereof:

    (a). the Settlement Agreement filed with this Court on September 10, 2012;

    (b). the Notice of Proposed Settlement and Final Approval Hearing ("Settlement Notice"), approved by the Court on December 28, 2012; and

    (c). the Preliminary Approval Order.

2. The Court has jurisdiction over the subject matter of the Class Claim, the Class Action, the Settlement Agreement, the Class Representatives, and Lending 1st.  The Court also has jurisdiction over the Class members because adequate notice has been provided and all Class members have been given notice and the opportunity to object to the Settlement Agreement.

3. Based on the evidence submitted pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, the Court finds that the distribution of the Settlement Notice fully complied with the applicable provisions of the Settlement Agreement, Rule 23 of the Federal Rules of Civil Procedure and due process, and constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement Agreement of the Class Action and Class Claim as against Lending 1st.  The Court finds further that Lending 1st has satisfied the requirements of notice to pertinent government agencies as set forth in the Class Actions Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court finds that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is approved as presented and without modification (except insofar as the Parties have agreed to such modification), and the terms of the Settlement as set forth in the Settlement Agreement are approved as fair, reasonable, adequate and in the best interests of the Class members, and the Parties are authorized to implement its terms.

5. Each Class member who had not effectively excluded himself or herself previously from the Class shall be bound by the Settlement Agreement, including the releases set forth therein. Effective upon the Final Order Date, Class members will be deemed to have released their claims (the "Released Claims") as follows:

(a).  For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Class Representatives and Class members, their respective co-borrowers, spouses, or former spouses, who may have or have had an interest in the loan that is the subject of this Settlement Agreement, and the present, former and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, employees, and insurers of the Class Representatives and the Class members (collectively, the "Releasing Parties"), hereby remise, release, and forever discharge Lending 1st, and each of its present, former, and future direct and indirect parent companies, including but not limited to its shareholders, directors, officers, insurers, affiliates, subsidiaries, divisions, officers, employees, agents, attorneys, directors, shareholders, assignors, and predecessors-in-interest (but excluding any assignees or purchasers of loans to Class members) (collectively the "Released Parties") from any and all duties, obligations, claims, counterclaims, judgments, demands, lawsuits, actions, causes of action or liabilities, relating to the failure to disclose that the subject loans guaranteed negative amortization.  This release shall apply whether arising under local, state, or federal law, whether by statute, contract, common law, or equity.  The foregoing Release shall also apply to any and all claims of the Releasing Parties that would be barred by the doctrines of res judicata and collateral estoppel had the issues in this case been litigated by each Class member to a final judgment on the merits, and to any and all past, present, and future claims, administrative or otherwise, actions, causes of action, rights, or liabilities, known or unknown, based on or arising from the allegations that are contained in the Complaint, or that could have been asserted in the Complaint, against any of the Released Parties, provided, however, that nothing in this Settlement Agreement shall limit or curtail any Class member's rights with respect to any claims that he or she may have against any assignee or purchaser of Class member's loans that is not a Released Party.

(b).  Without limiting the foregoing, the Released Claims specifically extend to and include any claims relating to the origination of the loans that the Class Representatives, Class

3
Order Granting Joint Motion for Final Approval of Partial Class Action Settlement and Final Judgment
4:07-cv-04485-CW

members, and the Releasing Parties do not know, or suspect to exist in their favor at the time that the Settlement Agreement is executed, or at the time that the Settlement Agreement and the Releases contained therein become effective (i.e., the Final Order Date), which, if known, might have affected their decision to enter into the Settlement Agreement.  The Class Representatives, Class members, and the Releasing Parties intentionally and knowingly waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any law or principle of common law or equity that governs or limits a person's release of unknown claims.  The Class Representatives, Class members, and the Releasing Parties understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of the Released Claims but that it is their intention to fully, finally, and forever settle and release all of the Released Claims, known and unknown, suspected or unsuspected, without regard to the subsequent discovery or current existence of any such additional or different facts, and in furtherance of such intention, the release of these Released Claims shall remain in effect notwithstanding the discovery or existence of any such additional or different facts.  The provisions of this paragraph include, without limitation, an express, knowing, and voluntary waiver, to the fullest extent permitted by law, by the Class Representatives and all Class members and Releasing Parties, of any and all rights or benefits conferred under Section 1542 of the California Civil Code, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representatives, Class members, and the Releasing Parties understand and acknowledge the significance of this waiver of Section 1542 of the California Civil Code.  In addition, the Class Representatives and all Class members and Releasing Parties also expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, and any

4

Order Granting Joint Motion for Final Approval of Partial Class Action Settlement and Final Judgment
4:07-cv-04485-CW

law or principle of common law or equity, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

  (c). Notwithstanding any of the provisions herein, no person, party or entity other than the Released Parties is receiving any release or waiver of liability under this Settlement Agreement.

  (d). Further, it is understood and agreed by the Parties that the Class Representatives, on behalf of themselves and the Class they represent, allege and seek damages that exceed the amount of the Settlement Fund.  Further, the Class Representatives and the Class contend that the Settlement Fund is substantially less than the amount sought for the alleged injuries that they claim to have suffered as a result of the alleged conduct at issue in the Complaint.  However, in order to resolve the disputes between the Class Representatives and Class members on the one hand, and Lending 1st on the other hand, and in view of Lending 1st's financial condition and potentially uninsured status, the Class Representatives and Class members have agreed to release the Released Parties (and the Released Parties alone) from the Released Claims in exchange for compensation for the purported injuries allegedly caused by Lending 1st.

6. No fees or costs shall be owing to or payable to the Class Representatives in connection with the Class Action except as provided in the Settlement Agreement.

7. The application for an award of an incentive payment to the Class Representatives for their role in bringing and participating in this litigation, in the amount of $3,000.00 each is granted. The previously appointed Settlement Administrator, Epiq Class Action and Claims Solutions, Inc., is authorized to make payment of $3,000.00 to each of the Class Representatives from the Settlement Fund in accordance with the terms of the Settlement Agreement.

8. The Settlement Administrator, on behalf of Lending 1st, shall pay all Class members a pro rata distribution of the Settlement Fund, after deducting from the Settlement Fund: (1) the payment to the Settlement Administrator of up to Thirty Thousand Dollars and No Cents ($30,000.00); and (2) a payment of Three Thousand Dollars and No Cents ($3,000.00) to each of the Class Representatives.

9. Once the Settlement Administrator makes payments to the Class members under the terms of the Settlement Agreement, if any Class member, for whatever reason, does not receive his or her payment check, said Class member is nonetheless considered to have been paid by Lending 1st, and Lending 1st shall have no further obligation to the Class member, and said check shall not be considered to be abandoned property subject to escheatment, but shall be deemed part of the remainder subject to the terms of the Settlement Agreement, and the Settlement Agreement shall in all respects be fully enforceable against the Class member.

10. Any check to a Class member that is returned to the Settlement Administrator with a forwarding address will be re-sent to the address provided and the Settlement Administrator's database will be updated with the current address information. If any check to a Class member is uncashed sixty (60) days after the date of the instrument, the Settlement Administrator shall send a reminder letter to that Class member. The total amount of all checks that are returned as undeliverable, with no forwarding address, or still uncashed ninety (90) days after the date of the issuance of the instrument shall become part of a cy pres fund to be distributed to The National Consumer Law Center.

11. Nothing in this Order, nor the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any actions taken to carry out this Order, is or may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Parties of any wrongdoing, the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, or any legal or factual argument, contention or assertion, and the Parties deny any wrongdoing or liability on their part. The execution and implementation of the Settlement Agreement and its terms shall not in any event be construed as, or deemed evidence of, an admission or concession as to Lending 1st's denials, defenses, or factual or legal positions, nor shall the Settlement Agreement be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purposes whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Settlement Agreement; provided, however, that this Order and the Settlement Agreement may be filed by Lending 1st or the Released Parties to support a defense of res judicata, collateral estoppel, release,

waiver, good faith settlement, judgment bar, or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

12. Lending 1st is dismissed from this Action with prejudice. The Class Representatives and all Class members are permanently enjoined and barred from commencing or prosecuting any action against the Released Parties asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state or federal court, or in any agency or other authority or forum wherever located. Any person or entity that knowingly violates such injunctions shall pay the costs and attorneys' fees incurred by Lending 1st or other Released Parties as a result of the violation. Nothing in this Final Approval Order, however, shall preclude any action to enforce the terms of the Settlement Agreement.

13. The Settlement embodied in the Settlement Agreement is in "good faith" within the meaning of California Code of Civil Procedure Sections 877 and 877.6. All present and prospective claims with respect to Lending 1st for indemnification and contribution, however denominated, relating to the events that are the subject of this litigation, are extinguished and barred to the fullest extent permitted by law.

14. The Court shall retain continuing jurisdiction over the Parties to the Settlement Agreement and all Class members to determine all matters relating in any way to this Final Approval Order, the Preliminary Approval Order or the Settlement Agreement, including, without limitation, to their administration, implementation, interpretation, or enforcement.

IT IS SO ORDERED.

Dated: 5/13/2013

HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE