**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO PLASCENCIA and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENDING 1ST MORTGAGE, LENDING 1ST MORTGAGE LLC, EMC MORTGAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 4:07-cv-04485-CW<br><br>CLASS ACTION<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING CLASS NOTICE PLAN AND SETTING FINAL APPROVAL HEARING<br><br>Courtroom:     2 – 4th Floor<br>Judge:         Hon. Claudia Wilken<br>Complaint Filed:  August 29, 2007<br>Trial Date:    Vacated |

Upon consideration of the Settlement Agreement dated September 12, 2013 between Plaintiffs, on behalf of themselves and the Settlement Class, as defined below, and EMC Mortgage Corporation, n/k/a EMC Mortgage LLC ("EMC") (the "Settlement Agreement" or "Agreement"), Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1. The hearing on the motion is vacated as unnecessary.

2. Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

3. For purposes of the Settlement, the Settlement Class shall be defined as all individuals who, between August 29, 2003 and May 12, 2011, have or have had a Monthly Option ARM loan that: (a) was originated or otherwise approved by LENDING 1st MORTGAGE within the State of California; (b) was then sold to EMC MORTGAGE CORPORATION; and (c) was secured by real property in the United States. Excluded from this Settlement Class are EMC's employees, officers, directors, agents, representatives, and their family members, as well as the Court and its officers, employees, and relatives, located in the United States of America. Based on the Parties' representations, the Settlement Class is narrower than the Class certified by this Court in its October 16, 2009 order (Dkt. No. 191). The prior-certified Class consisted of individuals whose Option ARM Loans were sold or owned by Lending 1st Mortgage ("Lending 1st") or EMC, but subsequently Plaintiffs and the Class settled their claims with Lending 1st, which settlement was approved by this Court on May 13, 2013. Therefore, the Settlement Class consists of only individuals whose Option ARM Loans were sold to EMC, which includes 572 loans. For the reasons set forth in the Court's Order Granting in Part Plaintiffs' Motion for Class Certification issued on August 21, 2009 (Dkt. No. 178) ("Certification Order"), and subject to further consideration at the Final Approval Hearing described in paragraph 16 below, the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement.

4. For purposes of the Settlement, and after considering the relevant factors in Federal Rule of Civil Procedure 23 and for the reasons set forth in the Certification Order, Plaintiffs Armando Plascencia and Melania Plascencia ("Class Representatives") are appointed as the representatives of the Settlement Class.

5. For purposes of the Settlement, and after considering the relevant factors in Federal Rule of Civil Procedure 23 and for the reasons set forth in the Certification Order, the following

2

ORDER PRELIMINARILY APPROVING SETTLEMENT                    CASE NO. 4:07-cv-04485-CW

1  attorneys are appointed as lead Class Counsel for the Settlement Class ("Class Counsel"):

2  Jeffrey K. Berns
   Lee A. Weiss
3  BERNS WEISS LLP
   20700 Ventura Blvd., Suite 140
4  Woodland Hills, CA  91364
   Toll Free: (855) 681-0000
5  jberns@law111.com
   lweiss@law111.com
6

   Mark R. Cuker
   WILLIAMS CUKER BEREZOFSKY LLC
   1515 Market Street, Suite 1300
   Philadelphia, PA 19102
   Tel.: (215) 557-0099
   Fax: (215) 557-0673
   mcuker@wcblegal.com

7  J. Mark Moore
   SPIRO MOORE LLP
8  11377 W. Olympic Blvd., Fifth Floor
   Los Angeles, CA 90064-1683
9  Tel.: (310) 235-2468
   Fax: (310) 235-2456
10 mark@spiromoore.com

   David M. Arbogast
   ARBOGAST BOWEN LLP
   11400 W. Olympic Blvd., 2nd Floor
   Los Angeles, CA 90064
   Tel.: (310) 477-7200
   Fax: (310) 943-2309
   david@arbogastbowen.com

11
   Gerson H. Smoger
12 SMOGER & ASSOCIATES
   3175 Monterey Blvd
13 Oakland, CA, 94602-3560
   Tel.:   (510) 531-4529
14 Fax:   (510) 531-4377
   gerson@texasinjurylaw.com
15

   Christopher A. Seeger
   SEEGER WEISS LLP
   77 Water Street, 26th Floor
   New York, NY 10005
   Tel.: (212) 584-0700
   Cseeger@seegerweiss.com

   Jonathan Shub
   SEEGER WEISS LLP
16 1818 Market Street, 13th Floor
   Philadelphia, PA 19103
17 Tel.: (610) 453-6551
   jshub@seegerweiss.com
18

19       6. Epiq Class Action and Claims Solutions, Inc., is approved and designated as the

20 Settlement Administrator for the Settlement.  The Parties are hereby authorized to retain the

21 Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

22 Class Counsel shall provide the Settlement Administrator with a copy of this Order within two (2)

23 business days of when it is entered by the Court.

24       7. The terms of the Settlement Agreement appear to be within the range of possible final

25 judicial approval as fair, reasonable, adequate, proper, and cost-effective, have been negotiated at

26 arms' length, and are free of collusion to the detriment of Settlement Class Members.  Pursuant to

27 Federal Rule of Civil Procedure 23, the terms of the Settlement Agreement, and the Settlement
28

provided for therein, are preliminarily approved, subject to further consideration thereof at the Final Approval Hearing described at paragraph 16 of this Order.  Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

8.  The Court finds that the Settlement Agreement's plan for direct mail notice to Settlement Class Members by bulk or standard United States mail, postage prepaid, at the collateral property address for the primary borrower on the subject loan, is the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23. That plan is approved and accepted.  This Court further finds that the Individual Class Notice, attached to the Agreement as Exhibit A, modified as suggested in this Order, complies with Federal Rule of Civil Procedure 23(c)(2)(B)  and is an appropriate part of the notice plan and the Settlement, and thus is hereby approved, adopted and authorized for dissemination.  This Court further finds that no other notice to Settlement Class Members other than that identified in the Agreement is reasonably necessary in the Action.  The Settlement Notice (i) states the nature of the action and the issues and defenses; (ii) makes clear that the Settlement Agreement, if approved, will be binding on all Class Members; (iii) summarizes the terms of the Settlement Agreement and the right of Class members to object to the Settlement Agreement and to appear  by counsel at the hearing on final approval for the Settlement Agreement; and (iv) provides that more information is available from the Settlement Administrator upon request and is available on the Settlement Website. Further, the Settlement Notice informs the Class Members that the Settlement Agreement provides for the release of their Claims (as that term is defined in the Settlement Agreement).

9.  Pursuant to the terms of the Settlement Agreement, EMC is hereby directed to provide to the Settlement Administrator, within seven (7) business days after entry of this Order, a list containing any updated address information for Settlement Class Members, obtained since it

previously provided address information for the Notice of Pendency of the Action that was mailed on May 12, 2011, ("Settlement Class Member List").  Within twenty-one (21) days after receipt of this Order, the Settlement Administrator shall (a) seek to obtain updates, if any, to the addresses for each Settlement Class Member identified in the Settlement Class Member List as provided for in the Settlement Agreement; (b) provide notice of the Settlement and the Final Approval Hearing to each Settlement Class Member by mailing a copy of the Individual Class Notice, substantially in the form of the document attached to the Settlement Agreement as Exhibit A to the address on the Settlement Class Member List as updated; (c) make copies of the Individual Class Notice, the Settlement Agreement, the Motion for Preliminary Approval, and this Order available on a dedicated settlement website at www.EMCSettlement.com.  Before mailing, the Settlement Administrator shall fill in all applicable dates and deadlines in the Individual Class Notice to conform to the dates and deadlines specified for such events in this Order.  The Settlement Administrator shall also have discretion to format the Individual Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

  10. If any Individual Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable with a forwarding address, then the Settlement Administrator shall re-mail the Individual Class Notice to the indicated forwarding address within ten (10) days from the date of receipt of the forwarding address.  Other than as set forth above, the Settlement Administrator shall have no obligation to re-mail Individual Class Notices returned by the Postal Service as undeliverable after thirty (30) days from the date on which it originally was mailed.

  11. Any Settlement Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Individual Class Notice,

5

ORDER PRELIMINARILY APPROVING SETTLEMENT     CASE NO. 4:07-cv-04485-CW

postmarked no later than forty-five (45) days after the date of mailing of the Individual Class Notice. For a Settlement Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) set forth the Settlement Class Member's full name, loan number, address and telephone number; (b) identify the property address which secures or secured the Option ARM Loan as to which the Settlement Class Member seeks exclusion; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) contain a statement that: "I/we hereby request that I/we be excluded from the Settlement Class in the *Plascencia v. Lending 1st Mortgage* litigation, case number 4:07-cv-04485-CW."  In those circumstances where a Settlement Class Member includes persons who were co-obligors on the same Loan, the Settlement Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors as to that Loan elect to opt-out in accordance with this Order and the terms of the Agreement.  In the event a Settlement Class Member is a Settlement Class Member as to more than one Loan, the Opt-Out must specify that the Settlement Class Member is opting out as to fewer than all Loans made to that Settlement Class Member by expressly stating so in the Opt-Out and specifically identifying the Loans as to which the Settlement Class Member is opting out.  And, in the absence of such specification, the Opt-Out shall be construed as a request to opt-out for all Loans made to that Settlement Class Member.  Any Settlement Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Individual Class Notice, shall be bound by the Agreement, including the Release, as embodied in Section 9 of the Agreement, and any Final Order and Judgment entered in the Action.  Further, any Settlement Class Member who is a Successful Opt-Out will be deemed

to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or intervene in the Action.

12. At least fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall provide Class Counsel with a declaration identifying all persons who have made a timely and valid Request for Exclusion, which Class Counsel shall file with the Court, with a motion that it be filed under seal to protect the privacy interests of the Successful Opt-Outs.

13. Any Settlement Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail and postmark, or hand-deliver, a written objection to the Settlement ("Objection") to Class Counsel and Counsel for EMC, at the addresses set forth in the Individual Class Notice, and file the Objection with the Court, no later than forty-five (45) days after the date of mailing of the Individual Class Notice. Each Objection must: (a) set forth the Settlement Class Member's full name, current address, and telephone number; (b) identify the address of the property that secured the Loan; (c) state that the Settlement Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and/or factual basis for the Objection; and (e) provide copies of any documents that the Settlement Class Member wishes to submit in support of his or her position. Any Settlement Class Member who does not submit a timely Objection in complete accordance with this Order, the Individual Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement.

14. EMC shall file a declaration attesting that it has provided the notice required by the Class Action Fairness Act and indicating the date the notice was sent. The declaration shall be filed, 35 days before the Final Approval Hearing described in paragraph 16 below.

15. The Settlement Administrator shall ensure that a Settlement Website, containing information about the Settlement Agreement, is established and accessible to Settlement Class Members by the date on which the Settlement Administrator has mailed the Individual Class Notice,

7

and that the address for the website is included in the Individual Class Notice. The Settlement Administrator shall ensure that the website contains copies of the Settlement Agreement, the Motion for Preliminary Approval, this Order, and the Individual Class Notice, as well as information regarding how to contact Class Counsel and the Settlement Administrator. Class Counsel shall ensure that a copy of their Motion for Attorneys' Fees and Costs and Incentive Payments is placed on the website by the same date that it is filed with the Court. Other pleadings or information mutually agreed upon by the Parties may also be posted to the Settlement Website.

16. A hearing (the "Final Approval Hearing") shall be held before the undersigned at 2:00 p.m. on January 16, 2014 in Courtroom 2 on the 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, to determine, among other things, (a) whether the provisions of this Settlement Agreement should be approved, (b) whether the Settlement should be finally approved as fair, reasonable, and adequate, (c) whether any objections to the Settlement should be overruled, (d) whether an order finally approving the Settlement should be entered, (e) whether a judgment dismissing EMC from the Action with prejudice should be entered pursuant to the terms of the Settlement Agreement, (f) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement, (g) whether Settlement Class Members should be subject to a permanent injunction that, among other things, bars Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (h) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (i) the amount of the Incentive Payments to be made to Class Representatives for their service as class representatives, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class. However, if the Final

Approval Hearing or any other interim deadline is changed, Class Counsel shall ensure that notice thereof is placed onto the Settlement Website. The Individual Class Notice shall direct any Settlement Class Member who intends to appear at the Final Approval Hearing that he or she may visit the website or contact Class Counsel prior to the hearing to ensure that the hearing has not been adjourned or continued.

17. Any application for an Attorneys' Fees and Costs Award by Class Counsel, as well as any application for an Incentive Payment, shall be filed with the Court at least twenty one (21) calendar days in advance of the deadline for Written Objections.

18. In their application for attorneys' fees, Plaintiffs' counsel should disclose their lodestar figure and costs for purposes of a lodestar cross-check.

19. Class Representatives' motion for final approval of the Settlement shall be filed at least thirty-five (35) calendar days in advance of the Final Approval Hearing.

20. Any Reply Memorandum by Class Counsel or Counsel for EMC addressing any Objections must be filed with the Court at least fourteen (14) calendar days before the Final Approval Hearing.

21. It is not necessary for a Settlement Class Member to appear at the Final Approval Hearing. However, any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action with the Court, no later forty-five (45) days after the date of mailing of the Individual Class Notice.

22. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection, but failed to raise.

23. Any Settlement Class Member who fails to comply with this Order, the Individual Class Notice, and/or the Agreement shall be barred from appearing at the Final Approval Hearing.

24. All proceedings in the Action, other than such as may be necessary to carry out the

9

ORDER PRELIMINARILY APPROVING SETTLEMENT  CASE NO. 4:07-cv-04485-CW

terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

25. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against EMC, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Class Representatives or the Settlement Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

26. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by EMC, which denies all of the claims and allegations raised in the Action.

27. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Representatives and EMC and without further notice to the Settlement Class Members.

28. Pending this Court's decision on whether to finally approve the Settlement in this Action, Class Representatives, all Settlement Class Members (excepting those who are Successful

10

ORDER PRELIMINARILY APPROVING SETTLEMENT   CASE NO. 4:07-cv-04485-CW

Opt-Outs), Plaintiffs' Counsel and Class Counsel are preliminary enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Parties that asserts or purports to assert matters within the scope of the Release.

29. Class Representatives, Class Counsel, and each of the Releasing Persons shall not issue press releases or make other public statements regarding the settlement, unless EMC agrees to such press releases or public statements in advance, which consent may not be unreasonably withheld. Class Counsel are not prohibited by this Order from communicating with any person in the Settlement Class regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements in communicating with such persons and the Protective Order entered in the Action.

30. The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

31. The Parties are advised to agree upon a cy pres recipient, be it the recipient in the earlier settlement or another, and disclose the recipient in the notice to the class. The recipient must have a substantial nexus to the mortgage disclosure claims at issue and be geographically appropriate. See Dennis v. Kellogg Company, 697 F.3d 858 (9th Cir. 2012).

32. The following changes to the Notice are advised:

    i. In lines 3 and 4 of paragraph 8 on page 2, replace "have" to "has."

    ii. In paragraph 5 on page 2, the Notice should be revised to reflect that the Court granted preliminary approval on the submitted papers.

    iii. In line 8 of paragraph B on page 4, replace "that" with "who."

    iv. In line 1 of paragraph 2 on page 6, replace "Plaintiff's" with "Plaintiffs'."

    v. In line 2 of paragraph E on page 6, replace "$25,000.00" with "$30,000.00."

      vi. Wherever the Notice mentions the final approval hearing date, including pp. 2 and 9, the Notice should state as well that the date is subject to change.

      vii. The Notice should state the cy pres recipient.

Dated: October 18, 2013

_____
Hon. Claudia Wilken
UNITED STATES DISTRICT JUDGE