1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| ARMANDO PLASCENCIA and MELANIA PLASCENCIA, individually and on behalf of all others similarly situated, | Case No. **4:07-cv-04485-CW** |
| | <u>CLASS ACTION</u> |
| Plaintiffs, | |
| | FINAL ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE |
| v. | |
| LENDING 1ST MORTGAGE, LENDING 1ST MORTGAGE LLC, EMC MORTGAGE CORPORATION, and DOES 1 through 10 inclusive, | Date:        January 16, 2014 |
| | Time:        2:00 p.m. |
| | Courtroom:   2 – 4th Floor |
| Defendants. | Judge:       Hon. Claudia Wilken |
| | Complaint Filed:  August 29, 2007 |
| | Trial Date:       Vacated |

This matter having come before the Court on January 16, 2014 upon the motion of Plaintiffs Armando Plascencia and Melania Plascencia ("Class Representatives"), on behalf of themselves and a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated September 12, 2013 ("Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Final Approval Hearing, and any other submissions filed with this Court in connection with the Final Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1.     The Settlement Agreement is hereby incorporated by reference into this Order ("Order"), and is hereby adopted by the Court.  Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.     As set forth in this Court's Order dated August 21, 2009 ("Certification Order") and the Court's Order Preliminarily Approving Class Action Settlement, Approving Class Notice Plan and Setting Final Approval Hearing (October 18, 2013) (Dkt. 461) ("Preliminary Approval Order"), the Settlement Class, as that term is defined in the Agreement, meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

3.     For purposes of the Settlement, the Court finally appoints Plaintiffs Armando Plascencia and Melania Plascencia as representatives of the Settlement Class, and finds, for the reasons set forth in the Certification Order, that they meet the relevant requirements of Fed. R. Civ. P. 23.

4.     For purposes of the Settlement, the Court finally appoints the following lawyers as lead Class Counsel to the Settlement Class, and finds that these counsel meet the relevant requirements of Fed. R. Civ. P. 23(a):

Jeffrey K. Berns
Lee A. Weiss
BERNS WEISS LLP
20700 Ventura Blvd., Suite 140
Woodland Hills, CA  91364
Toll Free: (855) 681-0000
jberns@law111.com
lweiss@law111.com

J. Mark Moore
MOORE & LEVIANT LLP
20700 Ventura Boulevard, Suite 140
Woodland Hills, CA 91364
Tel.: (877) 360-7020
Fac.: (310) 870-7020
jmm@mllawyers.net

Gerson H. Smoger
SMOGER & ASSOCIATES
3175 Monterey Blvd
Oakland, CA, 94602-3560
Tel.:   (510) 531-4529
Fax:   (510) 531-4377

Mark R. Cuker
WILLIAMS CUKER BEREZOFSKY LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102
Tel.: (215) 557-0099
Fax: (215) 557-0673
mcuker@wcblegal.com

David M. Arbogast
ARBOGAST BOWEN LLP
11400 W. Olympic Blvd., 2nd Floor
Los Angeles, CA 90064
Tel.: (310) 477-7200
Fax: (310) 943-2309
david@arbogastbowen.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street, 26th Floor
New York, NY 10005
Tel.: (212) 584-0700
Cseeger@seegerweiss.com

gerson@texasinjurylaw.com

Jonathan Shub
SEEGER WEISS LLP
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Tel.: (610) 453-6551
jshub@seegerweiss.com

5.      As set forth in the Individual Class Notice, this Court convened the Final Approval Hearing at 2:00 p.m. on January 16, 2014.

6.      After due consideration of Class Representatives' likelihood of success at trial; the range of Class Representatives' possible recovery; the complexity, expense, and duration of the litigation; the absence any opposition and/or objections to the Settlement; the absence of any Successful Opt-Outs from the Settlement; the responses of Settlement Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Class Representatives and the Settlement Class Members; all written submissions, declarations, and arguments of counsel; and after notice and a hearing, this Court finds, pursuant to Fed. R. Civ. P. 23, that the Settlement of the Action, as embodied in the terms of the Settlement Agreement including all exhibits thereto, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action and the terms of the Settlement are in the best interest of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by Class Representatives' claims and the defenses of EMC Mortgage Corporation, n/k/a EMC Mortgage LLC ("EMC").  The Settlement Agreement shall govern all issues regarding the Settlement and all rights of the Parties, including the Settlement Class Members.

7.      The Court finds that the Individual Class Notice provided pursuant to the Preliminary Approval Order was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Settlement Class Members and (b) all Settlement Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Settlement Class Members.  The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal

constitutions necessary to effectuate this Settlement have been met and satisfied.  This Court further finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by EMC in connection with the Settlement, and that it has been more than ninety (90) days since the date, September 20, 2013, on which the notices required under the statute were served.  Accordingly, no Settlement Class Member may refuse to comply with or be bound by the Settlement Agreement or this Order.

8.    Upon consideration of the application for attorneys' fees and litigation costs by Class Counsel, the aggregate amount of the Attorneys' Fees and Costs Award is hereby fixed at _____ Five hundred and ten thousand _____ (_____ 510,000.00 _____).  This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Class Counsel, (b) any other counsel representing (or purporting to represent) Class Representatives or Settlement Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Class Representatives or the Settlement Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

9.    Upon consideration of the application for an award to Class Representatives, the amount of the Incentive Payments is hereby fixed at _____ two thousand and five hundred _____ ($__ 2,500.00 __) to each of the two Class Representatives.

10.    In accordance with the Settlement Agreement and to effectuate the Settlement, the Settlement Administrator, as provided under the terms of the Settlement Agreement, shall cause:

    a.  the Settlement Checks to be provided to eligible Settlement Class Members in accordance with the terms of the Agreement;

    b.  the aggregate Attorneys' Fees and Costs Award made in paragraph 8 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

    c.  the Incentive Payments made in paragraph 9 above to be delivered to Class Counsel in accordance with the terms of the Agreement.

11.    In accordance with the Settlement Agreement, if the total amount of uncashed Settlement Checks is less than $10,000, that amount shall become part of a cy pres fund to be

4

distributed equally between the National Consumer Law Center and the National Foundation for Credit Counseling to support programs benefitting California mortgage borrowers; more than three quarters of Settlement Class Members are California residents.

12.     All claims against EMC are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this Judgment in favor of EMC in the Action.  The Judgment shall be without costs to any Party.

13.     Class Representatives, Class Counsel and each Settlement Class Member  shall be forever bound by this Order and the Agreement including the Release and covenants not to sue set forth in Section 9 of the Settlement Agreement providing as follows:

RELEASE BY PLAINTIFFS AND SETTLEMENT CLASS MEMBERS

9.1     Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Plaintiffs and each Settlement Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government, including but not limited to in its capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged EMC and each and all of its respective past, present and future direct and indirect parent companies, subsidiaries, affiliated companies, partnerships and corporations, all prior and subsequent servicers and subservicers of any Settlement Class Member's loans, all investors, owners, beneficiaries and any other entities which have or had an interest in a Settlement Class Member's Loan, including but not limited to, the Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Federal Housing Finance Agency, and any mortgage backed securities trust, and each and all of their respective past, present and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers,

shareholders, attorneys, advisors, legal representatives, executors, predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, assigns, or related entities (collectively and individually, the "Released Parties") from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Parties, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights") that arise out of or relate to (a) Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts and/or omissions by any of the Released Parties in the origination, making and/or sale of any of the Loans; (c) conduct, acts and/or omissions by any of the Released Parties in the servicing of any of the Loans relating specifically or impliedly to any or all of the loan features and terms at issue in the Action (*e.g.*, the negative amortization, minimum monthly payment option, discounted initial interest rate, adjustable interest rate, deferred interest, interest on deferred interest, and prepayment penalty terms and features of the Loans); (d) written and oral disclosures, representations, omissions, acts, conduct or statements by any of the Released Parties concerning any or all of the loan features and terms at issue in the Action; (e) any practice, policy, and/or procedure of any of the Released Parties concerning the disclosure of any or all of the loan features and terms at issue in the Action; (f) written and oral disclosures, representations, omissions, acts, conduct or statements made by EMC or any of the other Released Parties concerning the terms, features, costs, payments and estimated payments associated with any of the Loans; (g) conduct, acts and/or omissions by any of the Released Parties relating to the charging, collection or allocation of any fees, charges, credits, or payments on any of the Loans in any way arising out of the loan features and terms at issue in the Action; (h) all claims asserted or that could have been asserted in the Action; (i) any claim or theory that any act or omission by any of the Released Parties in connection with the origination, making, marketing, sale and/or servicing of the Loans with

6

respect to the loan terms and features at issue in the Action violates any statute, regulation, law and/or contract; (j) any claim or theory that EMC is liable, whether directly or indirectly, for the conduct, acts and/or omissions of any loan originator in the origination, making, marketing, sale, and/or servicing of any Loans; and (k) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts and/or omissions described in this paragraph 9.1 (a)-(j) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

9.2    In addition to the provisions of paragraph 9.1 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 9.1 above. Section 1542 of the California Civil Code reads:

> Section 1542.  General Release; extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Plaintiffs and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 9.1 above, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 9.1 above,

7

FINAL ORDER APPROVING SETTLEMENT                                      4:07-cv-04485-CW

whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

14.     The Release set forth in paragraph 13 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Class Representatives, Settlement Class Members and/or the Releasing Persons concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release.

15.     EMC and any Released Parties are hereby released and forever discharged by Class Representatives, Settlement Class Members and the Releasing Persons from all matters and claims within the scope of the Release.

16.     Class Representatives, Class Counsel, and each and every Settlement Class Member are permanently enjoined and barred from commencing or prosecuting any action asserting any matter within the scope of the Release, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity that knowingly violates such injunctions shall pay the reasonable costs and attorneys' fees incurred by EMC or other Released Parties as a result of the violation.

17.     This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of EMC whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed by EMC or any other Released Party in any action or proceeding to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Notwithstanding any provision in the Settlement Agreement, the Parties may not amend, modify, or expand the provisions of the Settlement Agreement without leave of the Court.

19.     In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

20.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

21.     This Order follows this Court's Preliminary Approval Order, and supersedes the Preliminary Approval Order to the extent of any inconsistency.

22.     Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

Dated: January 28, 2014

Hon. Claudia Wilken
UNITED STATES DISTRICT JUDGE